# CHARLESTON.

CHRISTIAN v. CHESAPEAKE & OHIO RAILWAY COMPANY.

Submitted May 9, 1916.   Decided May 16, 1916.

1. RAILROADS—*Killing of Stock—Negligence—Burden of Proof.*
   In order to charge a railway company with damages for killing stock straying upon its tracks, negligence on the part of the company must appear, and the burden of showing it rests upon the plaintiff.   (p. 379).

2. SAME—*Killing of Animals—Unavoidable Accident—Liability.*
   The killing of a horse on a railroad track by a railroad train, under circumstances which show that such killing was an unavoidable accident, does not make the railway company liable for damages therefor.   (p. 379).

Error to Circuit Court, Greenbrier County.

Action by A. H. Christian against the Chesapeake & Ohio Railway Company.   Judgment for plaintiff, and defendant brings error.

*Reversed, and judgment entered for defendant.*

*John W. Arbuckle* and *J. A. Preston,* for defendant in error.

*Enslow, Fitzpatrick, Alderson & Baker* and *Samuel Biern,* for plaintiff in error.

MASON, JUDGE:

A. H. Christian owned two horses. They were struck by a railroad train. One of them was injured and the other killed. The accident occurred on the night of August 12, 1912. Suit was brought by the plaintiff against the Chesapeake and Ohio Railway Company before a justice of the peace. The justice rendered judgment in favor of the plaintiff. The defendant appealed the case to the circuit court of Greenbrier County, and plaintiff obtained judgment for $160.00, and the case was brought to this court upon writ of error.

The horses were grazing along the railroad and strayed on to the company's tracks. The evidence shows pretty clearly that the horses were struck by a passing train of cars. The only question seriously contested is whether or not the railway company was guilty of negligence.

"In order to charge a railroad company with damages for killing stock straying upon its tracks, negligence on the part of the company must appear, and the burden of showing it rests upon the plaintiff." These principles are so eminently just and so well established by numerous decisions of this court that it seems unnecessary to cite authority. *Maynard* v. *Railroad Co.*, 40 W. Va. 331; *Hawker* v. *R. R. Co.*, 15 W. Va. 628; *Talbott* v. *Ry. Co.*, 42 W. Va. 560; and *Coal & Coke Co.* v. *Railway Co.*, 69 W. Va. 228, are cases in point.

The evidence shows with reasonable certainty that the horses were struck by a railroad train, but not with absolute certainty what train. However, there is evidence tending to show that the horses were struck by the passenger train drawn by the engine of which witness R. P. Boyd was engineer. The evidence is such that the jury might well have inferred that the animals were injured by that train. Does the proof show that the defendant's agents carelessly or negligently ran this train upon the plaintiff's horses? The only proof we have on the subject is the testimony of the engineer and fireman on the train. No other witness knows anything whatever how the accident occurred. The engineer says: "I know nothing about killing anything at all that night. It was late in the night, about 11:50 I think it was, I was coming up this side of Kiester, the weeds were high and I saw something about the

track and I said to the fireman I saw something black, black object, and asked did he see it, and he said I saw the bushes shaking, and that is all I know about it." He says he was running about twenty-five miles an hour; that the track at the point where the accident occurred was on a sharp curve; that it was after night; that he had an electric headlight on his engine; that it ordinarily threw a light about 100 yards; that the light will not follow the curve in the track; and "when I come around the curve where this object was, I didn't think there was anything on the track." He says that he was looking out for anything he could see when he came to the place where the animals were supposed to have been struck.

The engineer and fireman agree that when they first saw the bushes moving (at the point where the horses are supposed to have been struck) the train was about fifty feet from that point, and that the train could not have been stopped in that distance. The only evidence tending in the slightest degree to contradict the engineer and fireman is the testimony of the plaintiff as to the track at the point where the accident occurred. Plaintiff says that there is a curve, as stated by other witnesses, but that one can see an object on the track for a distance of nineteen railroad rails (or about 570 feet) before coming to that point. But the plaintiff expresses no opinion as to the distance an electric headlight would reach across this curve. And there is no evidence that the horses were on the track when the train came within view of the point where they were struck, even placing the first view point where the plaintiff places it. On the contrary, all the evidence we have on the subject is that the horses were in the bushes, hidden from view, assuming that they were where the engineer and fireman saw the bushes moving. The proof is that the horses were not on the track at all, and if hit by that train, it was as the engineer expressed it, "hit on the head of the ties."

Now, the accident occurring as the undisputed proof shows it did occur, how can we say that the railway company was negligent? What did the engineer in charge of the train do or fail to do that tended in the slightest degree to show negligence? Considering the nature of the ground, the distance

that the electric light would carry across the curve, and especially the further fact that the horses were not on the track but in the bushes, the engineer is not guilty in not observing them sooner than he did. And clearly, if he had realized that what he saw were horses, how could he have stopped the train in time to prevent the accident? It is very clear that the accident was unavoidable, and that the railway company was not responsible therefor. Under the circumstances, the railway company could not be held liable in damages for an accident which was unavoidable and inevitable. The case is controlled by *Hawker* v. *R. R. Co.*, *supra*, and *Coal & Coke Co.* v. *Railway Co.*, *supra*.

Under the rules and principles established by the above cited cases, the court should have given the instruction asked for by the defendant, "to find for the defendant". This court will reverse the judgment of the circuit court, set aside the verdict of the jury, and enter judgment here for the defendant.

*Reversed, and judgment entered for defendant.*