# CHARLESTON.

ELIJAH REED *v.* D. POLSTEIN

(No. 5410)

Submitted February 16, 1926.    Decided April 13, 1926.

APPEAL AND ERROR—CONTRACTS—*Where Evidence is Conflicting, Verdict Fairly Rendered, Under Proper Instructions, Will Not be Disturbed on Appeal Unless Plainly Wrong or Manifestly Against Weight of Evidence; In Action on Contract, Conflicting Evidence Held Sufficient to Support Verdict for Defendant.*

> Where the evidence in the trial court was conflicting, a verdict fairly rendered, under proper instructions of the court, will not be disturbed in the appellate court unless plainly wrong or manifestly against the weight of the evidence.

(Appeal and Error, 4 C. J. § 2836.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Roane County.

Trespass on the case in assumpsit by Elijah Reed against D. Polstein. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*S. P. Bell* and *Harper & Baker,* for plaintiff in error.

*Wm. S. Ryan, Thos. P. Ryan,* and *Grover F. Hedges,* for defendant in error.

LITZ, PRESIDENT:

The plaintiff, Elijah Reed, prosecutes this writ to a judgment of nil capiat entered upon a verdict for the defendant, D. Polstein, in an action of trespass on the case in assumpsit.

The plaintiff and defendant reside in the city of Akron, Ohio; the former being a bricklayer by trade, while the latter is engaged in the wholesale and retail produce business. Upon the representation of Reed, who formerly resided in Roane county, West Virginia, that he could purchase turkeys and

other poultry very cheaply in Roane county, Polstein entered
into a written agreement with him, November 1, 1924, as
follows:

> "November 1st, 1924 East Akron Ohio.
> "This Contract by Between D. Polstein of same
> address party of The Part & Elijah Reed of the
> Second Part
> "Witnesseth That The Second Party is to two
> go two Spencer, W. Va. & There Buy For The
> First Party Produce consisting of Turkeys, Geese,
> Ducks & Chickens & The First Party further agrees
> to furnish the Second Party the Money two pay
> for said produce & Deposit same in Roane County
> Bank Spencer W Va. To his credit and the said
> second party shall use this money to pay for said
> produce and expenses.
> "First party a grees to pay second party for his
> services and all expenses; & 2½ c on pr. lb. for all
> turkeys Eggs 2c pr Doz Geese 2c lb. Ducks 2c pr
> lb chickens 2c pr lb
> "Said second party shall deposit this contract
> with the Roane County Bank. And this money can
> only be used for no other purpose than above men-
> tioned & All way bills accompanied each ck or a
> copy
> "Party of the first part is to set all prices for
> everything to be bought by party of the second
> part.
> > "D. Polstein
> > Elijah Reed"

Defendant testified that the plaintiff was to receive no
compensation for his services other than expenses and the
commissions provided in the contract; that notwithstanding
he desired at least 1000 turkeys to fill orders on hand from
his customers at Thanksgiving, had placed in the Roane
County Bank at Spencer a deposit of $5000.00 subject to
plaintiff's check, and had given him full authority to pur-
chase the poultry, paying such prices as might be necessary
to meet the local market—69 turkeys, weighing 559 lbs. pur-
chased at $.30 per pound, 327 pounds of other poultry at $.12
and $.15 per pound, and 59 dozen eggs at $.50 and $.52 per
dozen, were all the poultry and produce secured by defendant

through plaintiff's efforts; and that he had paid the plaintiff $85.00 and other expenses aggregating $110.00. This was a cost of practically fifty per cent. on the purchase price.

Although plaintiff failed to secure the turkeys and other poultry desired by defendant, he brought this suit for a total amount of $736.05, filing a bill of particulars stating:

> "To commission or compensation for purchase of 18,120 pounds of turkeys at 2½ cents per pound........................................$ 453.00
>
> To Commissions or compensation for the purchase of 500 pounds of chickens at 2 cents per pound............................................ 10.00
>
> To Commissions or compensation for the purchase of 800 pounds of geese at 2 cents per pound............................................ 16.00
>
> To Commissions or compensation for the purchase of 60 dozens of eggs at 2 cents per dozen............................................ 1.20
>
> To 17 days work at $12.00 per day................ 204.00
>
> To 6 days work by Harley Greathouse at $3.00 per day............................................ 18.00
>
> To balance on labor to S. W. Norman........... 6.75
>
> To board and lodging at hotel at Spencer.... 6.00
>
> To train fare and lodging for Elijah Reed and Harley Greathouse in returning to Akron, Ohio............................................ 21.10

The plaintiff claims he could have purchased all the poultry desired by the defendant, but was unable to do so because the defendant did not give him sufficient authority to fix prices. He admits, however, that the defendant told him to "pay more than any one else"; * * * "let it be a half cent or whatever I thought, you know, to get the turkeys".

Defendant testifies that he gave plaintiff authority to offer specific prices and to pay more than any one else, if necessary, to obtain the poultry.

It is conceded that there were plenty of turkeys for sale in Roane county; that the defendant was anxious to buy at least 1000; and that the plaintiff purchased only 69 for his principal. The issue before the jury was whether the plaintiff had failed to use proper effort or was unable to do more because of lack of authority from the defendant to fix prices. This

question was properly submitted to the jury and we see no reason for disturbing the verdict. The defendant says that under a proper construction of the contract he is entitled to full compensation for his services in addition to commissions and expenses. The finding of the jury on the main issue fully comprehends and disposes of defendant's contention as to the value of his services.

The judgment of the lower court therefore will be

*Affirmed.*