CLANCEY DAMRON *v.* OHIO VALLEY ELECTRIC RAILWAY
COMPANY

(No. 8392)

Submitted September 23, 1936. Decided September 29, 1936.

*Vinson, Thompson, Meek & Scherr,* for plaintiff in error.

*A. M. Foose,* for defendant in error.

MAXWELL, JUDGE:

This case is under review on writ of error to a judgment of the circuit court of Cabell County in favor of the plaintiff and against the defendant for $750.00. There was a jury verdict in said amount.

The action is for personal injury suffered by the plaintiff in a collision between a truck in which he was riding and a trolley car of the defendant. The accident occurred in the city of Huntington at the intersection of Twentieth Street, which extends north and south, and Eighth Avenue, east and west. The plaintiff was

seated by the side of the driver of the truck. It was moving south. The street car was proceeding east on Eighth Avenue. The street and the avenue are each about sixty feet wide at the intersection.

Twentieth Street is an arterial highway. On Eighth Avenue, there are traffic "stop" signs about twenty feet from the intersection. Just before the accident, the trolley car stopped at the western edge of Twentieth Street, not at the stop sign but at about the line of the western curb of said street. Two passengers were there discharged.

Immediately north of Eighth Avenue, Twentieth Street extends through an underpass beneath the tracks of the Chesapeake and Ohio Railway Company. The truck, traveling at an estimated speed of about twenty miles per hour, was in the underpass when the street car stopped as stated. After the street car had started and the front end of it had about reached the middle of the intersection, the truck ran into the car, striking it on the side a few feet in rear of the doors at the left front corner, with resultant injury to the plaintiff.

Under city ordinance, a street car shall come to a stop before entering a through traffic street from an intersecting street. Huntington streets having railway viaducts thereover are designated "through traffic streets." Vehicles traveling thereon have precedence over street cars and other vehicles on intersecting streets.

The only question before us is the sufficiency of the evidence—whether the physical facts will permit recovery by the plaintiff.

It is insisted by the defendant that the driver of the truck was negligent in crashing into the trolley car, and that, though his negligence would not be imputed to the plaintiff, the latter was required to use reasonable precaution for his own safety, and this he did not do.

The jury was warranted in believing, in conformity with evidence adduced on behalf of the plaintiff, that the trolley car was started with a jerk, or "jump" as some of the witnesses term it, and was thereby projected

into the path of the truck just as it was entering Eighth Avenue; and further, that the motorman on the car was directing his attention to the alighting passengers, not only at the moment they stepped from the platform of the car, but also thereafter when he started the car, and therefore he did not see lthe approaching truck. If, as was within their province, the jury believed these things, the problem of physical facts stands solved, and there is no inconsistency between such facts and the finding of the jury.

Questions of negligence are primarily for jury determination. *Nichols* v. *Mining Co.,* 116 W. Va. 163, 179 S. E. 70. Jury verdicts are presumptively correct on issues of fact. "Where the evidence in the trial court was conflicting, a verdict fairly rendered, under proper instructions of the court, will not be disturbed in the appellate court unless plainly wrong or manifestly against the weight of the evidence." *Reed* v. *Polstein,* 101 W. Va. 404, 132 S. E. 738.

In the light of the facts recited and principles applied, we affirm the judgment of the trial court.

*Affirmed.*