# CHARLESTON.

HANLEY *et ux. v.* CITY OF HUNTINGTON.

Submitted January 12, 1893.—Decided January 28, 1893.

1. MUNICIPAL CORPORATIONS—ABANDONMENT OF STREETS—BURDEN OF PROOF.

When a public road is taken into a city, town, or village by its charter of incorporation, it becomes the duty of such city, town, or village to keep such road in repair, unless it is abandoned as a public road in the manner provided by law. Proof of abandonment devolves on the city, town or village.

2. CONTRIBUTORY NEGLIGENCE—EVIDENCE—JURY.

Where the evidence relating to contributory negligence is conflicting and uncertain, then the question of such negligence is for the jury, and their finding will not be interfered with by the court; but, where the facts are uncontroverted, then the question of contributory negligence may be determined by the court.

CAMPBELL & HOLT for plaintiff in error cited 32 W. Va. 6; 35 W. Va. 457.

McCOMAS & McCOMAS for defendants in error.

DENT, JUDGE:

This is an action of trespass on the case, brought by S. L. Hanley and M. F. Hanley, his wife, for injuries received by the latter by reason of the failure of the city of Huntington to keep a certain public road in repair, and judgment was recovered for seven hundred and fifty dollars.

The two first assignments of error appear to be without foundation, and have been abandoned. The third and fourth assignments of error can be considered together, as they virtually involve the same question of law. The defendant insists that there is not sufficient proof, that the place, where the accident occurred, was a public highway which defendant was bound to keep in repair. The evidence shows that the place of the accident had been used and worked as a public road for over forty years and both before and after it was included in the city of Huntington. It therefore became and was the duty of the city to keep it in repair, unless abandoned as a public road by the city authorities. Proof of this fact, if true, devolved upon the city which it did not undertake. The jury, therefore, rightly inferred from the facts proven that the road was a public road, and that it was the duty of the city to keep it in repair.

The defendant further insists that the plaintiff was guilty of contributory negligence. Where the evidence in relation to contributory negligence is conflicting and uncertain, then the question of such negligence is for the jury, and their finding can not be interfered with by the court; but where the evidence is uncontroverted, and the facts are certain, clearly establishing a case of contributory negligence, the court should determine the question.

If a traveller on the highway fails to use ordinary caution, and voluntarily takes a dangerous risk, that a sensible or reasonable person would not take, then he can not recover, if injured, notwithstanding the negligence of others, unless designed wantonly, for the purpose of injuring such person. A traveller has the right to assume that the public roads are in good condition, and the use of ordinary care is all that is required of him. He is not required to accurately measure the depth of the ruts, and ascertain the prox-

imity of dangerous roots thereto, and carefully calculate as to how deep the ruts and how long the roots would have to be to produce an accident. To require such a degree of care would make travelling slow indeed and virtually nulify the law subjecting cities to damages for failure to keep their roads in repair.

The only question to be determined in this case is: Could the plaintiff Mrs. Hanley have known by the use of ordinary care, that the defects in the road would produce the accident by which she was injured? Certainly not. The evidence in this case raises doubt as to whether it did occur or not. But the jury have determined that question in her favor; and, the evidence being conflicting, this Court can not disturb their verdict, however doubtful may appear the justice of their finding.

The judgment of the Circuit Court is therefore affirmed.

AFFIRMED.