# CHARLESTON.

FOLEY *v.* CITY OF HUNTINGTON.

Submitted January 14, 1902.   Decided April 5, 1902.

1. PERSONAL INJURY—*Negligence Question for Jury.*

   In an action on the case for damages for personal injuries where there is conflicting evidence as to the facts supposed to constitute contributory negligence the question is one for the jury and their verdict should not be disturbed unless it is clearly contrary to a decided preponderance of the evidence. (p. 404).

2. AUTHORITIES CITED AND APPROVED.

   Point 1 Syl. *Kay* v. *R. R. Co.*, 47 W. Va. 467, (35 S. E. 973) re-affirmed and approved.   (p. 404).

Error to Circuit Court, Cabell County.

Action by H. G. Foley against the City of Huntington. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

E. E. WILLIAMS and SCOTT & LOVETT, for plaintiff in error.

R. L. BLACKWOOD, JOHN S. MARCUM, and M. B. HENSLEY, for defendant in error.

MCWHORTER, JUDGE:

This is an action of trespass on the case by H. G. Foley against the City of Huntington in the circuit court of Cabell County for personal injuries to the plaintiff by reason of a defect in side-walk in said city wherein he recovered judgment upon the verdict of the jury for twelve hundred dollars damages.   On the 19th of July, 1899, the defendant demurred to the plaintiff's second amended declaration, which demurrer was overruled.   A plea of not guilty was entered and issue thereon. On the 10th day of March, 1900, a jury was empaneled and sworn and on motion of the defendant the jury were instructed to return with their general verdict their answers and findings to the following seven questions.   (The questions as given here are followed for convenience by the answers as returned by the jury.)   Q.   "Was the plaintiff at the time and place he received the injury he sues for in this case, proceeding in the exercise of

reasonable care and caution?" Ans. "Yes." Q. "Did the plaintiff at the time and place of his alleged injury, exercise the degree of caution and prudence required of one of his age and physical condition in traveling upon and along the sidewalk or street?" Ans. "Yes." Q. "Did the plaintiff give his injury the proper and necessary treatment at the proper time, and if he failed to do so, is such failure the cause, in any degree of his subsequent suffering and aggravated injury?". Ans. "We do not think he did. Yes to some extent." Q. "Was the defect in the sidewalk complained of such an one as made the sidewalk at the place and time unsafe to be traveled by day and night in the ordinary mode by a person exercising ordinary care and caution?" Ans. "Yes." Q. "Was the defect in the sidewalk complained of, if any existed, plainly to be seen by the plaintiff at the time of the injury, if not, why not?" Ans. "No." Q. "What caused Foley to fall?" Ans. "Stepping in hole." Q. "Was the defect such a one as a man passing the same and exercising ordinary care would be likely to discover in the night time?" Ans. "No." The general verdict of the jury was for plaintiff for the amount stated. Defendant moved to set aside the verdict as contrary to the law and the evidence and without evidence to support it and grant a new trial which motion the court overruled and entered judgment upon the verdict, to which ruling the defendant excepted and obtained a writ of error to said judgment. In the course of the trial defendant took three several bills of exceptions which were made part of the record in the case.

The first error assigned is the overruling of the demurrer to the second amended declaration. The only reason given to sustain the demurrer is contained in the petition for writ of error as follows: "While contributory negligence is negatived therein, the language describing the manner of the happening of the accident shows that the plaintiff voluntarily and deliberately stepped into the hole mentioned, and that such conduct on his part was the proximate cause of the injury." The declaration seems to be well drawn and carefully negatives contributory negligence, which was wholly unnecessary as contributory negligence is a defense which must be made affirmatively by the defendant. *Sheff* v. *Huntington,* 16 W. Va. 307, Syl. pt. 3. It is alleged that there was a hole in the sidewalk and that plaintiff "stepped into the said hole and stumbled and fell, and was

thrown to the ground suddenly and with great force and vio- lence, and was then and there greatly injured, bruised," etc. The declaration is clearly sufficient and the demurrer properly overruled. Bill of exception No. 1 was to the giving of five sev- eral instructions to the jury for the plaintiff over the objections of the defendant. Instruction No. 1 is as follows: "The jury are instructed that if they believe from the evidence in this case, that the sidewalk in the declaration mentioned was a pub- lic sidewalk within the corporate limits of the defendant, the city of Huntington, opened up, worked, treated and controlled by the defendant as such sidewalk; and that the said sidewalk was out of repair, in a bad condition and unsafe for travel, at the time of the plaintiff's alleged injury, and that by reason of the said sidewalk being so out of repair and in a bad and unsafe condition, the plaintiff was injured, then the plaintiff is entitled to a verdict in this case; unless the jury are satisfied that the plaintiff was guilty of contributory negligence on his part, and that such negligence was the proximate cause but not the re- mote cause of his injury, and the jury is further instructed that the burden of proof of establishing such contributory negligence is upon the defendant, the City of Huntington." It is insisted by defendant that this instruction is bad under the ruling in *McCreery* v. *Railroad Co.,* 43 W. Va. 110, where it is held: "When contributory negligence is relied on in defense of an action for wrongful injury or death, a hypothetical instruction directing a finding in favor of plaintiff, which omits any refer- ence to the facts tending to establish contributory negligence, and entirely ignores such defense, is erroneous. Nor can such error be cured by other instructions given in behalf of either party." The instruction under consideration does not ignore the question of contributory negligence, but it is particularly stated that if they find from the evidence that the sidewalk was a public sidewalk within the corporate limits worked, controlled, etc., by the defendant and was in the condition described, they should find for the plaintiff, unless they should further find plaintiff was guilty of contributory negligence. Defendant re- lies upon *Yeager* v. *Bluefield,* 40 W. Va. 484 and *Wilson* v. *City of Wheeling,* 19 W. Va. 323, where it is said: "A munici- pal corporation is not an insurer against accidents upon the streets and sidewalks. Nor is every defect, though it may cause the injury sued for, actionable. It is sufficient if the streets

(which include sidewalks and bridges thereon) are in a reasonably safe condition for travelers for the ordinary mode by night as well as by day, and whether they are not is a practical question to be determined in each case by its particular circumstances." Whether the sidewalk was in the condition alleged in the declaration, and about which the evidence in case at bar was conflicting, was a question of fact for the jury. The question was, what was the condition of the sidewalk at the place where the accident occurred, not the condition of the streets and sidewalks in other parts of the city. Plaintiff in his testimony says: They were putting in a sewer pipe, or something like that, and there was a hole there and a plank on each side of it, in the center of the hole there were some bricks thrown; there was snow on the ground and it was hard to see. "I took my way after Mr. McCollister over there and about the middle of it, about the middle way of it, I tripped my foot against a brick and then I slipped into the hole. My foot went into the hole. I went to get my foot out and I fell into the pile of bricks. In the corner of the hole they had a pile of brick. They had taken up the iron concern that fit over the manhole and had piled the brick in a pile. It was a big pile of brick. When I went into the hole I caught my foot and pitched forward. I hurt my foot and split my nose, and Mr. McCollister took me up." He further says in trying to save himself he fell right into the bricks. McCollister, who was with plaintiff when he was hurt, said it was about nine or ten o'clock; they were going up Twelfth street. He says there was about three or four inches of snow on the ground; that he just kind of stepped in front of Foley because he knew how to cross it, and passed on across and just as he reached the three planks on the other side, about that time Foley stepped off and fell on the plank beside him and fell over into the bricks and witness turned to pick him up. McCollister said that this happened either the 25th of December or the 1st of January; that he knew it was an holiday; and the walk had been in that condition from the time the work was completed in September or October and remained in that condition until along in the spring and then there was some dirt thrown into it, and along in July they laid the pavement. He said, in speaking of the time of the accident: "With the snow on the ground and with the light shining moderately fair, to a man who knew the place could get along. There were some shade trees that stood

in front of Mr. Swain's place, *has* been cut down since. There was a light at the corner of Fifth and 12th." He further said that he went to see the place the next morning and saw the evidence where he had stepped off of the plank and come onto the raised dirt, and it looked like he had stepped down once and the next time it looked like he had not hit the bottom, and it just seemed that he had bounded along and struck the bricks. Hezekiah Hager said the sidewalk was, at that place, in bad condition and thought probably someone might get hurt if it was not attended to, and it remained in that condition quite a long time, and so remained during the early part of 1898 after the accident occurred; that after they had put down the tile and filled it up bad weather came on and wet weather sank it down, that there was considerable of an hole there for a while; they re-filled it and it sank down to some extent after that. Other witnesses testify to the bad and dangerous condition of the walk at that place; while on the part of defendant witnesses were examined whose duty it was to place and keep the sidewalk in good condition, whose testimony tended to prove that the walk was kept in reasonably good condition.

Instruction No. 2 reads as follows: "The Court further instructs the jury that the question as to whether or not the street and sidewalk at the place mentioned and described in the declaration in this case, was in a reasonably safe condition for the purpose of persons lawfully passing and re-passing over and along the same, both by day and night, must be determined from the condition said sidewalk was in at the time the alleged injury complained of by the plaintiff was received by him, and not from its condition before or after that time." It is admitted by defendant's counsel that in the abstract this instruction is unobjectionable but that it is misleading, because the accident is shown to have occurred on the night of January 1st when it is claimed that defendant had shown conclusively that the ditch had been repaved a few days before Christmas, December 25th, 1897, and that there was no opportunity, cause or reason on the part of the defendant, or anyone else, to change it and render it defective, but on the other hand it was shown that the bricks were piled up and a large hole existing in the walk at the time of the accident on the 1st of January, so that it was purely a question for the jury as to what was the condition of the walk at the time of the accident. There is no objection made to instruction

No. 3, which simply instructs the jury that if the defendant relies on the contributory negligence of the plaintiff, the burden of proof to establish such contributory negligence is on the defendant.    And no question was raised about the fourth instruction, which related to estimating damages in case the jury found for plaintiff.    No objection to plaintiff's instruction No. 5, is pointed out but it is claimed that the court erred in giving it. The instruction is simply to the effect that if the street and sidewalk were within the corporation and opened up as a street and public highway for the use of travelers and under the control of the defendant, the law imposed upon the defendant the duty to keep said street and sidewalk in a reasonably safe condition for persons using ordinary care, and plaintiff had a right to assume and believe that defendant had performed its duty and that the street and sidewalk at the place mentioned in the declaration was, at the time of the injury, in a reasonably safe condition for his use as a traveler in the exercise of ordinary care. The instruction was proper to be given.

The defendant asked for instructions Nos 1 to 16 inclusive, of which the court gave all but Nos. 1, 8 and 13.    These instructions are all set out in bill of exceptions No. 2, and instruction No. 1 reads as follows:    "The court instructs the jury that the plaintiff must show by a preponderance of evidence that his fall was occasioned by a defect in the sidewalk, and if the jury believe from the evidence that his fall was occasioned by the presence of snow upon the ground, or that the presence of snow caused the plaintiff to slip or stumble, that the slipperiness of the sidewalk occasioned by the snow is not such a defect as will make the city liable for damages occasioned thereby."    The argument used in favor of this instruction is "the ground at the time and place of the accident was covered with snow as well as the plank from which the plaintiff claims to have slipped and the defendant had a right to single out this from other circumstances of the occurrence and instruct the jury that the plaintiff could not recover if the snow or the slipperiness of the sidewalk occasioned by the snow caused the fall; since a municipality is not liable for an injury in such way occasioned, at least when no negligence on its part is shown in removing the snow within a reasonable time after its fall," and cites *Yeager* v. *Bluefield, supra.*    This instruction was wrong because it described the

bad condition of the sidewalk entirely different from that claimed
in the evidence; there is no slipperiness of the sidewalk claimed,
nor that the snow caused the plaintiff to slip or stumble. In-
struction No. 8 is even more liable to the same objection. It is
in substance point 2 of Syl. in case of *Wagner* v. *Pt. Pleasant,*
42 W. Va. 798, which is an entirely different case from the one
at bar, there is nothing in the evidence warranting any such
instruction.

Instruction No. 13, as follows, "The court instructs the jury
that the plaintiff is required to have exercised due care and cau-
tion to discover the defect in sidewalk, if any existed, as well as
to avoid said defect, after it has been discovered," is misleading
to the jury and is in conflict with plaintiff's instruction No. 5
which is a proper expression of the law that plaintiff had the
right to assume and believe that the defendant had performed
its duty, and that the said street and sidewalk at the place men-
tioned and described in the declaration was, at the time of the
injury complained of, in a reasonably safe condition for his use
as a traveler thereon in the exercise of ordinary care and pru-
dence. The instruction would force the plaintiff to use more than
due and ordinary care and caution, not only to avoid a defect
but to seek for and discover it in the sidewalk, thereby depriving
him of his rights to assume that defendant had performed its
duty in having the sidewalk in a reasonably safe condition. "An
instruction which is inconsistent and likely to mislead the jury
should be refused." *Hess* v. *Johnson,* 3 W. Va. 645; *McMechen*
v. *McMechen,* 17 W. Va. 683; *Jackson's Case,* 97 Va. 762;
*Brown's Case,* 86 Va. 466. The court had already, at the in-
stance of the defendant, instructed the jury that greater care and
caution is required of aged and infirm persons in walking along
and over the public streets and highways than of the young and
ablebodied, and also that greater care and caution is required
of one passing along and over the public streets and highways in
the night time than in the daytime, and further, that the pres-
ence of snow upon the ground and sidewalk at the place of in-
jury is a fact in itself calling for greater care on the part of
plaintiff. And the court also further, on behalf of the defen-
dant, instructed the jury, "that they have the right to consider
in this case the age of the plaintiff, his physical condition, and
difficulty in walking, the fact that the accident occurred in the
night time, and any circumstances attending the accident which

might call for the exercise of special care and caution, and the presence of snow upon the ground, *is* determining whether the defendant is liable for damages, and if they believe from the evidence that the plaintiff did not exercise such reasonable care and caution at the time and place of the injury as should have been exercised by a reasonably cautious and careful person of his age and in his physical condition, in the night time, with snow upon the ground, and under the circumstances of the case, and that this failure to exercise such care and caution was the proximate cause of his fall and injury, then they must find for the defendant." And the jury was further instructed at the instance of the defendant, instruction No. 11: "That if they believe from the evidence that the plaintiff was injured while passing along a common and public sidewalk in the City of Huntington, as a traveler thereon, that they cannot find for the plaintiff, unless they find at the same time that the plaintiff was exercising at least ordinary care and caution when injured, and if they believe from the evidence, that the neglect of the plaintiff in any degree contributed to the injury under the circumstances in this case, they must find for the defendant, unless they further find from the evidence that the defendant being aware of the plaintiff's danger and having the opportunity to avert it, failed to use ordinary caution to do so. If the plaintiff voluntarily incurred danger so great that no sensible or reasonable person would have incurred it, in the absence of neglect on the part of the defendant that exhibited a design or intention to wantonly injure him, he will be precluded from a recovery." And also instruction No. 6: "That if they believe from the evidence that the observation of the plaintiff, if prudently exercised, would have informed him that the crossing at the point of the alleged injury was dangerous, that then the plaintiff took the risk of such injury as might result to him by crossing or attempting to cross at that point, and if they believe from the evidence that the plaintiff saw or might have seen the danger of stumbling or falling at the place in question, that then he took the risk of such injury as might result to him from so stumbling or falling and cannot recover in this action." And instruction No. 2: "That in determining the condition of the sidewalk at the time of the injury complained of in the plaintiff's declaration, they may consider the condition of such sidewalk both before and after the time of the injury complained of, together

with all explanatory evidence in the case, in order to determine
its condition at the time." The court also gave to the jury at the
instance of the defendant pt. 1 in Syl. *VanPell* v. *Clarksburg,.*
42 W. Va. 218. And at the instance of the defendant the court
also instructed the jury: "That if they find from the evidence
in this case that the crossing complained of in the plaintiff's
declaration was in a reasonably safe condition for travel in the
ordinary modes, with ordinary care, by day or by night, that then
they should find for the defendant, even though they find that
a defect therein caused the injury complained of to the plaintiff."
It would seem from the instructions given that the defendant's
rights were liberally and well protected by the court. It only
appears in the record from the introduction of the former testi-
mony of the plaintiff in this trial that there was a former trial
of the case, and it is introduced for the purpose of showing a
discrepancy. between such former testimony and the testimony
of plaintiff given on the last trial. A careful examination of
the testimony given by the plaintiff on the two occasions does not
disclose any material variance, whatever the conflict in such
testimony may be was a matter wholly for the jury. Of course
any material differences in the testimony would tend to weaken
the evidence of the plaintiff, to what extent was for the jury to
decide. It is insisted that the court erred in refusing to set
aside the verdict because contrary to the law and the evidence
and without evidence to support it and award a new trial to the
defendant. A third bill of exceptions contains a certificate of
all the evidence taken in the case and is interspersed with excep-
tions taken to the rulings of the court in admitting or refusing
certain evidence offered but no formal bill of exceptions is taken
to any particular part of such testimony and no particular parts
of such testimony so complained of are pointed out either in the
assignment of error or the brief of counsel, in support of the
motion to set aside the verdict for the reasons given. In *Kay*
v. *Glade Creek R. R. Co.,* 47 W. Va. 467, (35 S. E. 973), Syl.
pt. 1, it is held: "Where a stenographic report of evidence is
made part of the certificate of evidence upon a motion for a new
trial, and it shows objections to questions or evidence, and rul-
ings of the court thereon, and that such rulings were excepted
to, and the particular question or evidence complained of is spec-
ified distinctly in the motion for a new trial, or in an assign-
ment of error, or in brief of counsel, so that the appellate court

can readily and safely find the particular question or evidence to which the exception relates, the appellate court will consider the matter excepted to, though there is no formal bill of exceptions thereto; but such matter will not be considered without such specification, even though such report of evidence notes such objection and exception." As already stated the evidence was conflicting. In *Snoddy* v. *Huntington*, 37 W. Va. 111, (Syl. pt. 2), it is held: "Contributory negligence when it depends upon questions of fact and testimony is for the jury; but when the facts are undisputed or indisputably established by the evidence of the plaintiff, the question becomes one of law for the court." And what was said in the opinion in that case is applicable also in this case, that is, "The present case, however, is ruled by three very recent cases against the city of Huntington, viz., *Moore* v. *City of Huntington*, 31 W. Va. 824, (8 S. E. Rep. 512); *Bowen* v. *City of Huntington*, 35 W. Va. 682, (14 S. E. Rep. 217), and *Phillips* v. *City of Huntington*, 35 W. Va. 406, (14 S. E. Rep. 17). In all these cases this Court held that, where there was conflicting evidence as to the facts supposed to constitute contributory negligence, the question became one for the jury, and their verdict ought not to be disturbed." The questions propounded at the instance of the defendant to be answered by the jury all support the general verdict and which answers to questions and the general verdict are based upon the evidence, the weight of which from its character is alone within the province of the jury to judge.

For the reasons herein given I do not see how the verdict of the jury can be disturbed in this case and the judgment of the circuit court is affirmed.

*Affirmed.*