# CHARLESTON.

## DANIELS *v.* CHESAPEAKE AND OHIO RAILWAY CO.

### Submitted May 8, 1923.   Decided May 22, 1923

1. NEGLIGENCE—RAILROADS—*Burden of Proving Negligence in Killing Stock on Plaintiff; Question of Law.*

    In order to charge a railway company with damages for killing stock straying upon its tracks, negligence upon the part of the company must appear, and the burden of showing it rests upon the plaintiff; and when the facts are such that all reasonable men must draw from them the same conclusion—when there is no room for two *reasonable* opinions about it, then it becomes a question of law for the court. (p. 58).

2. RAILROADS—*Verdict Should be Directed on Uncontradicted Testimony as to Killing Live Stock.*

    In a case where the uncontradicted testimony fails to show negligence upon the part of a railway company in the killing of stock straying upon its tracks, an instruction by the defendant company, directing a verdict for the defendant should be given by the court.   (p. 59).

Error in Circuit Court, Kanawha County.

Suit by R. D. Daniels against the Chesapeake and Ohio Railway Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Fitzpatrick, Brown & Davis, H. S. King,* and *C. W. Strickling,* for plaintiff in error.

*Hays & Ryan,* for defendant in error.

McGINNIS, JUDGE:

This writ of error is to the judgment of the Circuit Court of Kanawha County, entered on the 1st day of June, 1922, which denied a writ of error to a judgment of the Intermediate Court of Kanawha County rendered on the 3rd day of Feb. 1922.

The suit was originally brought before a Justice of the Peace of said county, who rendered a judgment against the

defendant for $164.00, on September 10th, 1921, said judgment being, "For one Cow being killed $150.00, and one Pig being killed, $14.00." The suit was appealed to the Intermediate Court of said county and, upon a plea of "not guilty", judgment was there rendered upon the verdict of a jury for $110.00. Upon petition to the Circuit Court of said county an application for writ of error was refused, and the case comes here on a writ of error.

The evidence, as to the killing of the cow, shows that she was killed by the engine of a West Bound Express Train, which consisted of an engine and several baggage cars, running on the west bound track at a speed of about 25 miles per hour; that, at the point where the cow was killed, there are two tracks about 8½ feet apart, these tracks being designated as the "East Bound" and the "West Bound" tracks. When first observed by the plaintiff's witness, Adkins, and by the engineer of the defendant, the cow was standing on the east bound track in the shade of a coal tipple.

Witness Adkins, who was the only eye witness to the accident, introduced by the plaintiff testifies in answer to this question, asked by plaintiff's counsel: "What did the cow do when the train approached pretty close?" says, "She just turned and went across one track on the ditch, across between the two tracks and up in front of the train. He hit her just about along by the fore shoulders—," showing that the cow was attempting to cross the west bound track and was struck by the engine just as she got on the track with her front feet.

The plaintiff states that the view was unobstructed from the point where the cow was struck by the engine, for four hundred yards. Adkins places the distance at one hundred and fifty yards, and no witnesses except defendant's engineer, states the distance that the view was unobstructed from the point where the cow was standing under the shade of the coal tipple. It was also shown that, at the point where the cow was standing on the east bound track, there is a wall, or bank, and that it would be difficult for the cow to get away from the point where she was standing without going up or down the east bound track, or across the west bound

track; these facts in the case do not seem to be material for the reason that the uncontradicted testimony of the engineer shows that he was keeping a constant and careful lookout for stock on the track, and that there was a curve in the track and some sycamore bushes growing on the side of the track, which prevented him from seeing the cow until he got within about 300 or 350 feet from her, and that she was then standing under the tipple on the east bound track; that he immediately began to use, and did use, all the means in his power to stop the train and prevent the accident but that the distance was too short for him to stop the train. In this statement, he is corroborated in part by the witness Adkins. In answer to the following question on cross examination: ''I believe you stated that the track going up made a slight curve from 100 to 150 yards and then broke off abruptly,'' he says ''Yes sir, that is right,'' and this same witness says that the whistle was blown about 100 yards from where the cow was struck and the fire was flying from the brakes for about 150 or 200 feet.

The plaintiff has failed to show that any duty devolving on the defendant has been negligently performed, or omitted, in reference to the killing of the cow sued for herein.

The hog, sued for, first got on the track when the train was 200 yards from it. It was near a crossing and was struck by an east bound freight train, consisting of about 20 or 25 cars, running about 40 miles an hour; no whistle was blown and the train did not stop. This is substantially, what the plaintiff proved. There is no evidence upon the part of the plaintiff that the train could have been stopped by the use of ordinary care, and the accident prevented. On the contrary, it is shown by the defendant that a freight train of that description running at the rate of 35 or 40 miles an hour, when properly equipped, could not be stopped under a quarter of a mile; this testimony is uncontradicted. Then can we say that there was negligence upon the part of the defendant in killing this hog? We think not.

The basis of this action is negligence, and the question is: Did the Railway Company negligently kill this stock? Negli-

gence, when it is the basis of any suit, must be proved by a preponderance of the evidence. ''The burden of showing negligence rests upon the plaintiff'', *Christian* v. *C. & O. Railway Co.,* 78 W. Va. 378; *Maynard* v. *Railway Co.,* 40 W. Va. 331; *Hawker* v. *Railway Co.,* 15 *W. Va.* 628; *Talbot* v. *Railway Co.,* 42 W. Va. 560; *Coal and Coke Co.* v. *Railway Co.,* 69 W. Va. 228; *McCreary* v. *Railway Co.,* 77 W. Va. 305.

''Negligence generally is a mixed question of law and fact, and when evidence is conflicting in relation to the existence of such facts as would show negligence, if undisputed; or when facts admitted to be true, or clearly proven and not denied, are such that reasonable men might draw different conclusions from them, the question of negligence is for the jury.'' *Ewing* v. *Lanark Fuel Co.,* 65 W. Va., 726; *Washington* v. *Railway Co.,* 17 W. Va. 190; *Raines* v. *Railway Co.,* 39 W. Va., 50.

The testimony is not materially conflicting. No witness contradicts the engineer. Taking all the facts shown in this case by both the plaintiff and the defendant, we must conclude that the plaintiff has failed to make a case and defendant's instruction No. 1, directing a verdict for it should have been given.

The judgment of the lower court is, therefore, reversed, the verdict of the jury set aside, and the case remanded.

*Reversed and remanded.*