# CHARLESTON.

STATE *v.* HARRISON PEOPLES

(No. 6044)

Submitted October 23, 1928.   Decided October 30, 1928.

*Froe, Capehart & Miller*, for plaintiff in error.

*Howard B. Lee*, Attorney General, and *W. Elliott Nefflen*, Assistant Attorney General, for the State.

HATCHER, JUDGE:

In a brawl over a card game Arthur Scarbur was killed by the defendant. He was found guilty of murder in the second degree and sentenced to serve ten years in the penitentiary.

The attorney-general objects to a review of the case on the grounds that the evidence is not properly certified. We find this objection well taken as to the evidence introduced by the state. The trial court certified in the bill of exceptions, however, that "the defendant thereupon introduced the following testimony in his behalf", after which is the evidence of witnesses, designated as witnesses called on behalf of the defendant. Immediately following the evidence of the last of these witnesses is the statement: "At this point in the proceedings counsel for the defendant announced that they rested their case." We are, therefore of opinion that the bill of exceptions sufficiently designates the evidence of the defendant as all the evidence offered by him. *Byrd* v. *Commonwealth*, 124 Va. 833, 840. While we can not regard an

error charged to the insufficiency of the state's evidence or the weight of evidence, we can consider the other errors alleged by the defendant.

One of the witnesses for defendant said that the correct name of the deceased was *Scarburry*. The indictment charges the killing of *Scarbur*. It was shown that the deceased commonly bore the name of Scarbur in the community at the time of the homicide, consequently there was no variance between the indictment and the evidence. See *State* v. *Alie,* 82 W. Va. 601, 605.

The defendant relied on self defense and was permitted to testify that deceased was a dangerous man, and had on one occasion shot at an officer who was attempting to arrest him. It was not shown that the defendant saw this occurrence. The officer was not permitted to testify as to the incident. The defendant says that the exclusion of the officer's evidence was error. It is a settled rule of criminal evidence that a defendant, relying on self defense, may testify to the bad character of the deceased, and also to specific acts of violence of the deceased against other parties, which were within his knowledge. *State* v. *Hardin,* 91 W. Va. 149; *State* v. *Walker,* 92 W. Va. 499. But it is equally well settled that other witnesses may not testify of specific criminal acts committed by the deceased upon other people, in no wise connected with the accused. *State* v. *Walker, supra,* 504-5-6, and authorities there cited.

The defendant finally complains because his instructions Nos. 11, 12 and 13 were not given. Every material part of No. 11 is found in his instructions Nos. 2, 3, 4 and 10, which were given. The essential part of No. 12 is fairly presented in No. 3. No. 13 contains more details of the homicide from the standpoint of the accused than No. 10, but is otherwise similar thereto in substance. The instructions given sufficiently informed the jury of the law of the case. Therefore the rejection of the others does not constitute reversible error. *State* v. *Owens,* 96 W. Va. 308; *State* v. *Zink,* 98 W. Va. 340; *State* v. *Banks,* 99 W. Va. 711.

Perceiving no error prejudicial to defendant, the judgment of the lower court is affirmed.

*Affirmed.*