# CHARLESTON.

STATE *v.* BOWLES

(No. 6571)

Submitted May 7, 1930.   Decided May 13, 1930.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Harman & Howard,* for plaintiff in error.

HATCHER, JUDGE:

The defendant, aged 17, was convicted and sentenced for unlawful wounding. The trouble arose over a girl whom he had taken to church. She started home with another escort. The evidence in favor of the state shows that the defendant attacked the supplanter and cut him severely with a knife. The defendant, who received some wounds himself, claims that he acted only in self defense. The details of the conflicting evidence would add nothing to this opinion. Suffice it to say that there is ample evidence to support the verdict, and we cannot say that the finding of the jury is plainly wrong.

The defendant complains because the cross-examinations of his witnesses Riley Roberts and Herbert Payne were not restricted to matters contained in their examinations in chief. No objections was made or exception taken to the cross-examination of Roberts. The impropriety of the interrogation cannot be initially raised in this court. *State* v. *Driver,* 88 W. Va. 479, 107 S. E. 189, 15 A. L. R. 917. That of Payne was either proper or on matters not controverted.

The defendant also complains because the state introduced as a witness his counsel, J. N. Harman, Jr., and elicited who had employed him. No objection was made either to the introduction of this witness or to the questions asked him. At the close of his examination, the court struck out his evidence. He was employed by the father of the defendant. The evidence thus elicited was improper. But we see no possible prejudice to the defendant because the jury learned that his

father was rendering him this assistance. Paternal aid in such case is natural and to be expected.

The defendant claims as error the refusal of the court to have the jury answer certain interrogatories. The practice of submitting interrogatories is not followed in the trial of criminal cases. *State* v. *Boggs*, 87 W. Va. 738, 106 S. E. 47, 18 A. L. R. 1360.

The defendant protests the refusal of the court to give his instructions Nos. 9 and 10. No. 9 is practically covered by his instruction No. 1, which was given. Duplication of instructions is not required. *State* v. *Peoples*, 106 W. Va. 262, 145 S. E. 389. No. 10 presented his defense against the charge of malicious wounding. As the verdict of the jury acquitted him of that charge, he is not prejudiced by the failure to give his instruction thereon. *State* v. *Johnson*, 108 W. Va. 630, 152 S. E. 203.

Perceiving no error prejudicial to the defendant; the judgment of the circuit court is affirmed.

*Affirmed.*