EARL NICHOLS, *Admr. v.* RALEIGH-WYOMING MINING
COMPANY

(No. 8036)

Submitted February 19, 1935. Decided March 12, 1935.

*Clay C. Crouse* and *J. Q. Hutchinson,* for plaintiff in error.
*Brown, Jackson & Knight* and *File, File & Scherer,* for
defendant in error.

MAXWELL, JUDGE:

Earl Nichols, administrator of Kathleen Nichols, deceased,
was awarded writ of error to a judgment of the circuit court
of Raleigh County setting aside a verdict in his favor for
$1,500.00 against Raleigh-Wyoming Mining Company and
awarding a new trial.

This is the third review of this case. Former opinions appear in 112 W. Va. 85, 163 S. E. 767, and 113 W. Va. 631, 169
S. E. 451. In each instance the case was remanded for a new
trial. Inasmuch as comprehensive statements of the facts are
set forth in the other opinions, only an abridged statement
will now be made.

Kathleen Nichols was killed in the coal mining camp of the
defendant the evening of June 3, 1930. The community is
Edwight; the section where the decedent lived is called

Stringtown, and is separated from the other part of the town by several railroad sidetracks. From her home, she had crossed the tracks toward the main part of the village. As she was returning, she was crushed between two loaded railroad cars. One of the cars was jammed against the other by a third which had just been loaded at the tipple and was moving under gravity.

On the first review, we held that the trial court should have permitted the case to go to the jury instead of directing a verdict for the defendant. We were of opinion that the case presented a jury question. On the second review, we reversed a $6,500.00 judgment in favor of the plaintiff, on verdict, principally because of prejudicial error in one of the instructions given by the court at the instance of the plaintiff. We there again dealt with the case as one primarily for jury determination, but, of course, under proper instructions.

The accident did not occur at a crossing, nor on a way of travel provided by the company for its employees and their families. Therefore, in the second opinion, we said: ''If she (decedent) was excusable in attempting to cross the tracks where she was killed, it was solely because the usual route, crossing the tracks at the supply house, was blocked by coal cars, and because of known custom, if such there was, of miners and their families living in Stringtown to cross the tracks wherever they could find openings between the railroad cars.''

At the last trial (now under review), as appears from the record before us, both of the matters referred to in the above quoted excerpt were drawn sharply in issue. It is testified on behalf of the plaintiff that the crossing at the warehouse was blocked by railroad coal cars when Mrs. Nichols returned; defense witnesses say that the crossing was not then blocked. In behalf of the plaintiff it is further testified that there was a pathway extending from the immediate vicinity of his home to the railroad tracks, and that persons were in the habit of using the path and of crossing the tracks at or about the point where the path contacted them, or at such other places as openings were available. Witnesses for the defendant deny this, and assert that orders had been given that employees

and their families should keep off the tracks except at the crossing which was provided by the defendant. These were controversies of fact, which the jury has resolved in favor of the plaintiff. On the plaintiff's evidence there is adequate basis for a finding of negligence on the part of the defendant in not maintaining a proper crossing for employees living in Stringtown. No instructions were given on behalf of the plaintiff—none were asked; three were given on motion of the defendant. Several requested defense instructions were refused, but there are no cross-assignments of error. Upon conflicting testimony as to the facts, questions of negligence and contributory negligence are ordinarily for jury determination. *Daniels* v. *Railway Co.,* 94 W. Va. 56, 59, 117 S. E. 695; *Jaggie, Adm'r.* v. *Colliery Co.,* 75 W. Va. 370, 84 S. E. 941; *Burr* v. *Telephone Co.,* 97 W. Va. 508, 125 S. E. 335; *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726, 65 S. E. 200.

We are of opinion that the evidence was sufficient to warrant the jury in returning a verdict in favor of the plaintiff, and that there was no error prejudicial to the defendant. We do not discern adequate basis for the trial court's finding that the verdict was against the law and the evidence, and his resultant action in setting aside the verdict and awarding a new trial. Therefore, we reverse the judgment, re-instate the verdict, and render judgment thereon.

*Reversed and rendered.*