WALTER T. DAVIS

*v.*

J. L. SARGENT, *et al.*

(No. 10544)

Submitted September 8, 1953. Decided November 10, 1953.

862

 

*Wm. Bruce Hoff, Ben Parker,* for plaintiff in error.

*McCluer, Davis & McDougle,* for defendants in error.

HAYMOND, PRESIDENT:

This is an action of trespass on the case, instituted in the Circuit Court of Wood County in January, 1951, in which the plaintiff, Walter T. Davis, seeks a recovery from the defendants J. L. Sargent and Geraldine Mae Sargent, in the amount of $10,000.00, for personal injuries and property damage sustained by the plaintiff in a collision between a Hudson coupe automobile owned and driven by the plaintiff and a Chevrolet sedan automobile owned by the defendant J. L. Sargent, upon the intersection of Latrobe Street and Sixteenth Street in the City of Parkersburg which injuries and damages, the plaintiff alleges, were caused by the negligence of the defendants.

At the time of the collision the automobile of the defendant J. L. Sargent was operated by his daughter, the defendant Geraldine Mae Sargent, who was then unmarried and a member of his family and as such was driving his automobile with his permission and consent. Sometime after the collision the defendant Geraldine Mae Sargent was married and at the time of the trial in March, 1952, her name was Geraldine Mae Sargent Pahl and she was twenty-two years of age.

Upon the trial of the issue joined upon the declaration of the plaintiff and the plea of not guilty of the defendants the jury returned a verdict in favor of the defend-

ants. On April 18, 1952, the circuit court overruled the motion of the plaintiff to set aside the verdict and grant a new trial and rendered judgment that the plaintiff take nothing from the defendants and that the defendants recover their costs from the plaintiff. To that final judgment a writ of error was granted by this Court upon the petition of the plaintiff.

The collision which gives rise to this litigation occurred a few minutes after five o'clock in the evening of December 12, 1949. It was dark and rain was falling at the time. Sixteenth Street, on which the automobile of the plaintiff was traveling as it approached the intersection, is a through city street and extends from east to west. Latrobe Street on which the automobile driven by the defendant Geraldine Mae Sargent was traveling as it approached the intersection extends from north to south and crosses Sixteenth Street on a right angle. On Latrobe Street, immediately north of the intersection, is a stop sign which faces south bound vehicular traffic as it nears the intersection. The location of the streets, the intersection, and the traffic sign, as just described, existed at the time of the collision. The plaintiff drove his automobile in an easterly direction on Sixteenth Street and entered the intersection before the automobile driven by the defendant Geraldine Mae Sargent, traveling south on Latrobe Street, reached the intersection. As the automobile of the plaintiff came upon the intersection before the automobile driven by the defendant Geraldine Mae Sargent and as that automobile approached the plaintiff on his left side the plaintiff had the right of way over the defendant Geraldine Mae Sargent in the operation of the automobiles upon and across the intersection. See *Burdette* v. *Henson*, 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489. Though the exact speed of neither automobile is shown, it appears that each of them was moving at a low rate of speed when they collided. As the automobile of the plaintiff was in the act of crossing the intersection in the path of the automobile driven by the defendant Geraldine Mae

Sargent the front end of that automobile struck the left rear fender of the automobile of the plaintiff. At the time of the collision the plaintiff was the only occupant of his automobile, but two young women were occupying the rear seat of the automobile driven by the defendant Geraldine Mae Sargent.

After the collision the automobile of the plaintiff continued eastwardly across the intersection and came to a stop on Sixteenth Street on an angle at a point a few feet east of the intersection with the rear near the southern curb and the front extending toward the center of the street. The other automobile went to the left side of Latrobe Street and continued south on that street for several feet. When it ceased to move about four feet of the rear portion of the automobile was on the intersection and its left side was near the east curb of Latrobe Street. The driver of each automobile got out of the automobile immediately after the collision and the plaintiff and the defendant Geraldine Mae Sargent engaged in a conversation in which, according to her testimony, he said: "I don't think I am hurt. I might be shook up a little and I am somewhat shocked, but that's all. I am not hurt otherwise", but in which, according to his testimony, she said that he was hurt and should go to a hospital and that he replied, "Well, I don't think I am hurt that bad, but I will wait till I get home and I will call the doctor."

The plaintiff used a nearby telephone to report the collision to the city police and two policemen came to the scene and investigated the conditions before either automobile was moved. Each officer questioned each driver separately. These officers prepared a report of the accident and both of them testified at the trial as witnesses in behalf of the plaintiff. Because of the damaged condition of his automoible the plaintiff was unable to drive it from the scene of the wreck. He requested one of the policemen to call a "wrecker" from the "Auto Hospital" and he remained at the scene of the wreck for

approximately an hour until the "wrecker" towed his automobile and took him to the "Auto Hospital". There he telephoned his wife. She responded to his call, came there by automobile, and took him to their home where they arrived a few minutes before seven o'clock that evening. His wife by telephone reported his condition to their family physician who because of illness did not then visit the plaintiff but she cared for him as directed by the physician. The next day the plaintiff went to the office of the physician who there examined him and since then he has treated him for the injuries and the other ailments including impairment of vision and a condition of dizziness which the plaintiff asserts resulted from the collision.

The immediately discoverable personal injuries sustained by the plaintiff in the collision consisted of contusion of his left chest wall, resulting in pleurisy, laceration of his left knee, contusions and abrasions on other parts of his body, and shock complicated by a generalized hive condition, from all of which the plaintiff had recovered prior to the trial except the pleurisy which in the opinion of his physician is permanent. As a result of his injuries the plaintiff was unable to work for a period of six weeks which included a vacation of two weeks to which he was entitled but during his absence from work he was paid his regular wages or salary by his employer without deduction. His doctor bills and medical expenses amounted to approximately $369.36 and the cost of repairing the damage to his automobile which he has paid was $123.42.

The plaintiff testified that when he left the scene of the wreck the defendant Geraldine Mae Sargent was still there, and the evidence does not disclose when or how she left or when or how the automobile which she had driven was removed. None of the occupants of the automobile driven by the defendant Geraldine Mae Sargent, however, sustained any injury to her person.

The only eyewitnesses to the collision were the plain-

tiff, the defendant Geraldine Mae Sargent, and the two young women who were occupants of the rear seat of the automobile driven by her at the time. The material facts as to the place of the collision and the manner in which it happened are not disputed. Upon the questions whether the defendant Geraldine Mae Sargent stopped at or before entering the intersection and whether the headlights on the automobile of the plaintiff were burning before and at the time of the collision, the testimony of the plaintiff and of the defendant Geraldine Mae Sargent and the two occupants of the rear seat of the automobile which she was driving is in disagreement. Whether the evidence on these points is conflicting is one of the issues to be determined on this writ of error.

The plaintiff testified that the defendant Geraldine Mae Sargent did not stop as she entered the intersection. He said he saw the automobile driven by her when it was twenty five or thirty feet from him, that he thought she had it under control, that he decided to apply his brakes, but that as the automobile driven by her suddenly came or "leaped" towards him he "speeded up" in an effort to avoid a collision, and that the automobile driven by her struck the rear portion of the left side of his automobile despite his efforts to avoid the collision. He also testified that the headlights on his automobile were burning when the collision occurred; that he turned on the headlights when he started on his trip toward Sixteenth Street and Latrobe Street; and that to avoid a fire as a result of the collision he turned off the ignition and the headlights immediately after the impact.

The defendant Geraldine Mae Sargent testified that as she approached the entrance to Sixteenth Street while traveling on Latrobe Street she knew of the stop sign on Latrobe Street; that she "pulled" the automobile she was driving "up to the corner until I could see both ways on Sixteenth Street"; that the "street lights" were burning; that she saw some automobiles on Sixteenth Street approaching the intersection the headlights of

which were burning and which were at least two blocks from her on her right; that she knew she had "plenty of time to go across Sixteenth Street on to Fifteenth"; and that "I came to a stop long enough to shift from high gear into second gear". On cross-examination she was asked these questions and gave these answers: "Q. When you first stopped, as you say you did—and I believe you say that you did stop at Latrobe and Sixteenth at the stop sign, is that your position? A. I stopped at the stop sign and looked both ways and, like I told you, I saw some cars coming from St. Marys Avenue, but I had to go out a little piece into the street before I could see good. Q. Did you start moving again after you stopped? A. Well, I moved, yes. I shifted into second gear, but I wasn't going fast or nothing. I was hardly moving when I hit him. Q. Did you come to a complete stop at Sixteenth and Latrobe? A. Now, what the policeman called a complete stop is not what I am trying to tell you. That is why I was fined. I didn't stop dead right at the stop sign and shift my car from high into low and low into second. There is where I was fined my six dollars that I was fined."

With respect to the headlights on the automobile of the plaintiff, on her examination in chief, the defendant Geraldine Mae Sargent was asked these questions and gave these answers: "Q. Were the headlights burning on the Davis car with which you collided? A. As far as I was concerned, they were not. If they had of been, I am sure I would have seen them. Q. You say you would have seen them if they had been burning? A. I don't see why I shouldn't have." She also stated that the headlights on the automobile of the plaintiff were not burning after the collision. On cross-examination she was asked these questions and gave these answers: "Q. And do I understand you to say that Mr. Davis did not have any headlights on his car at the time this accident happened? A. As far as I am concerned, he did not. I did not see them. Q. Now you are on oath, Mrs. Pahl. A. All right, then, he didn't. Q. I want you to tell the

jury not so far as you could see, but I want you to tell the jury whether Mr. Davis did or did not have lights on. A. He did not have his lights on."

The two young women in the automobile driven by the defendant Geraldine Mae Sargent testified as witnesses in behalf of the defendants. One of them, who said she was on the right side of the rear seat and saw automobiles traveling east on Sixteenth Street about two blocks to the right of the intersection the headlights of which were burning, testified that the defendant Geraldine Mae Sargent "stopped or almost stopped" at the stop sign on Latrobe Street before the automobile driven by her entered the intersection. This witness also stated that the "street lights" were burning; that she did not see the automobile of the plaintiff before the collision; and that the headlights on it were not burning immediately before and immediately after the collision. The other young woman in the automobile driven by the defendant Geraldine Mae Sargent, who also said she was occupying the right side of the rear seat, testified that the defendant Geraldine Mae Sargent stopped the automobile at the stop sign on Latrobe Street; that the witness saw automobiles traveling east on Sixteenth Street a block and a half or two blocks to the right of the intersection the headlights of which were burning; that the "street lights" were burning; that she first saw the automobile of the plaintiff when it was "right in front of us just the instant we hit"; and that the headlights on the automobile of the plaintiff were not burning at that time.

To reverse the judgment the plaintiff assigns as error the action of the circuit court: (1) In admitting improper evidence offered by the defendants; (2) in refusing to give Instruction No. 4 offered by the plaintiff; (3) in denying the motion of the plaintiff to set aside the verdict of the jury and award the plaintiff a new trial; and (4) in entering final judgment against the plaintiff.

The plaintiff vigorously contends that the testimony

of the defendant Geraldine Mae Sargent and the two young women who were in the automobile driven by her at the time of the collision to the effect that the headlights on the automobile of the plaintiff were not burning immediately before and at the time of the collision is incompetent and for that reason was improperly admitted by the trial court. The basis of this contention is that, as each of these witnesses admitted that she did not see the automobile of the plaintiff until the collision occurred or immediately before it occurred and as the reason given by the defendant Geraldine Mae Sargent for her statement that the headlights on the automobile of the plaintiff were not burning was that she would have seen them if they had been burning, the testimony of each of these witnesses on that subject is argumentative and speculative and is a mere conclusion instead of a statement of fact.

The foregoing contention of the plaintiff is devoid of merit. The testimony of each of these witnesses contained the direct and unequivocal statement that the headlights on the automobile of the plaintiff were not burning immediately before and at the time of the collision and that statement constituted a statement of fact within the personal knowledge of each of them. The statement of the defendant Geraldine Mae Sargent that she would have seen the headlights if they had been burning merely explains her answer that they were not burning and expresses the reason for her knowledge of that fact. In *Cavendish* v. *Chesapeake and Ohio Railway Company*, 95 W. Va. 490, 121 S. E. 498, this Court, considering the character and the effect of testimony that a particular act, such as the giving of a railway signal, did not occur, said: "The courts should be careful not to deprive the jury of considering such negative testimony where the surrounding facts will accord thereto some probative value; and it is a familiar practice to allow a witness, after he has described the circumstances, to state that he would or would not have heard the signal if it had been given."

The failure of the defendant Geraldine Mae Sargent and the two young women who testified in behalf of the defendants to see the automobile of the plaintiff until the occurrence or immediately before the occurrence of the collision does not render incredible or inadmissible the testimony of each that the headlights on the automobile which they did not sooner see were not burning. At night a person who is alert or looking can see the burning headlights of an automobile and at the same time be unable to see the automobile itself. If its headlights are burning, even though the automobile to which they are attached is not visible, a person who sees the light given by the headlights is warned and made aware of the presence of the automobile which, despite the light created by the headlights, he can not discern. In such circumstances the light alone ordinarily affords an opportunity to a person who sees it to avoid an automobile which because of the darkness he may be unable to observe.

Whether the statement of each of these witnesses that she did not see the automobile of the plaintiff until immediately before or at the time the collision occurred, in connection with her statement that the headlights on the automobile of the plaintiff were not then burning, and the statement of the defendant Geraldine Mae Sargent that the headlights were not burning because she did not see them and that she would have seen them if they had been burning, of which the plaintiff now complains, are argumentative or speculative and amount to a conclusion will not be determined on this writ of error for the reason that any objectionable feature of such evidence was waived by the failure of the plaintiff to object when it was offered. No objection having been interposed to this evidence in the circuit court, its admissibility may not be challenged for the first time in this Court. The only objection interposed by the plaintiff to any of the evidence offered by the defendants relating to the headlights on the automobile of the plaintiff was an objection to a single question propounded by one of

the attorneys for the defendants to one of the two young women riding in the automobile driven by the defendant Geraldine Mae Sargent at the time of the collision. That question, which closely followed her statement that she did not see the automobile before the collision, was: "Were the headlights burning on the Davis car immediately before the accident?"; and the answer of the witness was the direct and unqualified statement: "No." As the foregoing question called for and elicited a statement of fact the objection was properly overruled. All the other evidence offered by the defendants relating to the headlights on the automobile of the plaintiff was admitted without objection; and it was the province of the jury to determine its weight and credibility. *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410; *Thorn* v. *Addison Bros. and Smith*, 119 W. Va. 479, 194 S. E. 771; *Jaggie* v. *Davis Colliery Company*, 75 W. Va. 370, 84 S. E. 941. It should be noted that the attorneys who represent the plaintiff on this writ of error did not represent him at the trial in the circuit court.

The plaintiff also insists that even though the evidence offered by the defendants to the effect that the headlights on the automobile of the plaintiff were not burning at the time of the collision, being negative in form, does not controvert the affirmative testimony of the plaintiff that the headlights on his automobile were burning at and before the time of the collision and that, for that reason, the evidence on that subject is not conflicting and is not sufficient to justify the submission of the issue of contributory negligence of the plaintiff to the jury. This position of the plaintiff is not tenable. In *Cavendish* v. *Chesapeake and Ohio Railway Company*, 95 W. Va. 490, 121 S. E. 498, the testimony offered by the plaintiff on the question whether the defendant gave the statutory signals of the approach of its train consisted of the mere statements of witnesses that they did not hear such signals. The testimony of the witnesses in behalf of the defendant was that such signals were given and heard by the witnesses. This Court considered the

statements of the witnesses who testified that they did not hear the signals as purely negative and of very little weight in comparison to the positive statements of witnesses who testified that they did hear the signals, and expressed the view that on that question there was no actual conflict in the evidence. Testimony of the same character was similarly dealt with by this Court in *Jones* v. *Virginian Railway Company*, 115 W. Va. 665, 177 S. E. 621. In the two cases just cited this Court, considering the probative value of negative evidence in comparison with affirmative evidence concerning the occurrence of a particular event, held that whether a conflict arises between positive and negative evidence of the occurrence of an event depends upon the facts and the circumstances of each case and that the probative value of such negative evidence is determined from such facts and circumstances. The testimony here under consideration relating to the headlights of the automobile of the plaintiff, however, is materially different from that of the witnesses for the plaintiff relating to the giving of the signals in the *Cavendish* case and the *Jones* case and the rule of those cases on that point does not apply to the evidence in this case with reference to the headlights on the automobile of the plaintiff which, as already pointed out, contained unequivocal statements that the headlights were not burning.

In *Gilkerson* v. *Baltimore and Ohio Railroad Company*, 129 W. Va. 649, 41 S. E. 2d 188, on the question whether the statutory signals of the approach of a train to a public crossing on which plaintiff's intestate in an automobile was struck and killed by the train some of the witnesses offered by the plaintiff testified without qualification that no bell was rung and no whistle was blown or sounded, and several witnesses produced by the defendant testified that they heard the bell or the whistle while the train was traveling between the whistle post and the crossing. This Court held that the testimony offered by the plaintiff that no bell was rung and no whistle was blown or sounded and the affirmative testimony offered

by the defendant that witnesses heard the bell or the whistle created a conflict in the evidence upon the question whether the defendant was guilty of negligence in failing to give the statutory signals and that upon such conflicting evidence the question of negligence was for the jury. To the same effect is the holding of this Court in the cases of *Parsons* v. *The New York Central Railroad Company*, 127 W. Va. 619, 34 S. E. 2d 334, and *Carnefix* v. *Kanawha and Michigan Railroad Company*, 73 W. Va. 534, 82 S. E. 219. "Where a witness affirms that a fact occurred, and another who had apparently sufficient opportunity to know and who declares he was paying attention denies that it occurred, it is generally held not to be a case of positive and negative testimony, but of positive testimony on both sides." 20 Am. Jur., Evidence, Section 1188. As the testimony of the defendant Geraldine Mae Sargent and her two young women companions was that the headlights on other nearby automobiles and the "street lights" were burning, it is reasonably clear that each of them was looking for headlights on an automobile in the area occupied by the automobile of the plaintiff in approaching and entering the intersection immediately before the collision. Under the authorities just cited the testimony of a witness who states that the headlights on an automobile of a plaintiff were not burning at the time of a collision between the automobile of the plaintiff and an automobile driven by a defendant, and who had apparently sufficient opportunity to know that fact and was giving it attention at the time, and the testimony of the plaintiff that the headlights on his automobile were burning at the time of the collision produce a conflict of evidence which it is the province of the jury to determine.

As the evidence upon the question whether the headlights on the automobile of the plaintiff were burning at and immediately before the collision was conflicting that factual question was properly submitted to the jury. If, from the evidence, the jury believed that the headlights on the automobile of the plaintiff were not burning at

874

and immediately before the collision and that the failure of the plaintiff in that particular proximately contributed to the collision, the jury, under the evidence, could have found, as it evidently did, that the plaintiff was guilty of contributory negligence. The evidence bearing upon the question whether the defendant Geraldine Mae Sargent brought the automobile she was driving to a stop at the stop sign on Latrobe Street before entering the intersection is also conflicting. The plaintiff testified that she did not stop. She first stated that she did stop at the stop sign but later in her testimony admitted that she did not bring the automobile to a complete stop at that point. One of the two young women riding in the automobile driven by her testified that she "stopped or almost stopped" and the other young woman testified that she stopped the automobile at the stop sign. Upon this evidence the jury could properly have found that she did not stop the automobile at the stop sign and that her failure to do so constituted primary negligence.

This Court has repeatedly held that the questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Wilson* v. *Edwards*, 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher* v. *Amere Gas Utilities Company*, 138 W. Va. 166, 75 S. E. 2d 376; *Daugherty* v. *Baltimore and Ohio Railroad Company*, 135 W. Va. 688, 64 S. E. 2d 231; *Isgan* v. *Jenkins*, 134 W. Va. 400, 59 S. E. 2d 689; *Davis* v. *Pugh*, 133 W. Va. 569, 57 S. E. 2d 9; *Gilkerson* v. *Baltimore and Ohio Railroad Company*, 129 W. Va. 649, 41 S. E. 2d 188; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410; *Taylor* v. *City of Huntington*, 126 W. Va. 732, 30 S. E. 2d 14; *Nichols* v. *Raleigh-Wyoming Mining Company*, 116 W. Va. 163, 179 S. E. 70; *Cavendish* v. *Chesapeake and Ohio Railway Company*, 95 W. Va. 490, 121 S. E. 198; *Chambers* v. *Princeton Power Company*, 93 W. Va. 598, 117 S. E. 480, 29 A. L. R. 1041; *Lindsey* v. *Bluefield Produce Company*, 91 W. Va. 118, 112 S. E. 310; *Walters* v. *Appalachian*

*Electric Power Company,* 75 W. Va. 676, 84 S. E. 617; *Ewing* v. *Lanark Fuel Company,* 65 W. Va. 726, 65 S. E. 200, 29 L. R. A., N. S., 487; *Foley* v. *City of Huntington,* 51 W. Va. 396, 41 S. E. 113; *Raines* v. *Chesapeake and Ohio Railway Company,* 39 W. Va. 50, 19 S. E. 565, 24 L. R. A. 226; *Hanley* v. *City of Huntington,* 37 W. Va. 578, 16 S. E. 807. In *Yuncke* v. *Welker,* 128 W. Va. 299, 36 S. E. 2d 410, this Court said in point 1 of the syllabus: "In an action to recover damages for personal injuries caused by the alleged negligence of the defendant, it is the peculiar province of the jury to determine the questions of negligence and contributory negligence, when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them." See also *Davis* v. *Pugh,* 133 W. Va. 569, 57 S. E. 2d 9. It is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses regarding them is in conflict; and the finding of the jury on such facts will not be disturbed by this Court. *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Yuncke* v. *Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Thorn* v. *Addison Bros. and Smith,* 119 W. Va. 479, 194 S. E. 771.

By his second assignment of error the plaintiff complains of the action of the circuit court in refusing to give Instruction No. 4 offered by the plaintiff. This instruction would have told the jury that the burden was upon the plaintiff to prove the allegations of his declaration by preponderance of the evidence and that such allegations could be proved by direct or circumstantial evidence. It correctly propounds the law and if the court had given it such action of the court would not have been erroneous. The substance of the instruction, however, was incorporated in Instruction No. 3 offered by the plaintiff which, as amended, was given by the court. That instruction told the jury that the requirement that the plaintiff must prove his case by a preponderance of the evidence related to the weight of the evidence and that if the jury,

after considering all the evidence in the case both for the plaintiff and for the defendant, "including all circumstances as well as direct testimony", believed that the evidence in favor of the plaintiff outweighed the evidence in favor of the defendant, the requirement as to the burden of proof upon the part of the plaintiff was fully satisfied. By the instruction the jury was sufficiently informed that the plaintiff could satisfy the requirement that he must prove his case by a preponderance of the evidence by direct or circumstantial proof. On that point Instruction No. 4 in effect would have repeated a part of Instruction No. 3; and the refusal of the circuit court to give Instruction No. 4 did not constitute reversible error. Duplication of instructions is neither necessary nor desirable. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher* v. *Amere Gas Utilities Company,* 138 W. Va. 166, 75 S. E. 2d 376; *Bailey* v. *DeBoyd,* 135 W. Va. 730, 65 S. E. 2d 82; *Kelly* v. *Rainelle Coal Company,* 135 W. Va. 594, 64 S. E. 2d 606; *Davis* v. *Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Franklin* v. *Pence,* 128 W. Va. 353, 36 S. E. 2d 505; *Robertson* v. *Hobson,* 114 W. Va. 236, 171 S. E. 745; *State* v. *Thomas,* 110 W. Va. 192, 157 S. E. 162; *Drake* v. *Clay Hardware and Supply Company,* 110 W. Va. 63, 157 S. E. 35; *State* v. *Bowles,* 109 W. Va. 174, 153 S. E. 308; *State* v. *Peoples,* 106 W. Va. 262, 145 S. E. 389.

When a case involving conflicting testimony and circumstances upon the questions of negligence and contributory negligence has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it. *Yuncke* v. *Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher* v. *Amere Gas Utilities Company,* 138 W. Va. 166, 75 S. E. 2d 376; *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140; *Webb* v. *Brown and Williamson Tobacco Company,* 121 W. Va. 115, 2 S. E. 2d 898; *Ware* v. *Hays,* 119

W. Va. 585, 195 S. E. 265. The principle just stated applies to and controls the decision in the present case.

In view of the foregoing the circuit court did not commit reversible error in overruling the motion of the plaintiff to set aside the verdict and award him a new trial or in entering judgment in favor of the defendants and awarding costs against the plaintiff.

No reversible error appearing in the case, the judgment of the circuit court is affirmed.

*Affirmed.*