JUDY BURGESS

*v.*

PATSY JEFFERSON, *et al.,*

*dba* RIVERIA COUNTRY CLUB

(No. 14041)

Decided July 11, 1978.

*James W. St. Clair, Marshall & St. Clair* for appellant.

*William I. Flesher, Flesher & Flesher* for appellees.

HARSHBARGER, JUSTICE:

Judy Burgess sought damages for a foot injury she suffered when she stepped on a piece of glass from a broken window in her mobile home. She alleged a golf ball broke the window and that it came from defendants' golf course that abuts the property where the home was situate. A Cabell County Circuit Court jury awarded her $10,000, which the trial judge set aside and entered judgment for defendants.

On July 23, 1974, she and her husband found a golf ball and broken window glass on their living room carpet. Mrs. Burgess removed the larger pieces of glass from the shag carpet and vacuumed to get the remaining pieces. She then changed clothing and returned to the living room barefoot, as she testified was her habit; and cut her foot on glass her cleaning had failed to get. She extracted the glass from her foot and applied Mercurochrome and a bandage.

A few days later, having had constant pain in the injured foot, she went to a physician. He could not, on this or subsequent visits, locate a foreign body in her foot but prescribed medication for the injury. Plaintiff also saw the company physician where she worked. In October of 1974, she consulted a surgeon when she again experienced pain and fever. He found that the wound had become infected, hospitalized her and operated on her foot. During the period of injury, plaintiff was off work from July 29 to August 29, and again from October 8 to November 26, 1974.

There was evidence that prior to the date of plaintiff's injury, golf balls were often hit onto the premises where plaintiff's mobile home was located. Plaintiff and her husband testified that their home had been struck at various times.

Plaintiff also testified that she notified defendants that golf balls were being driven onto the property and into her mobile home, and defendant Thelma Jefferson posted a sign on the course that asked golfers to refrain from hitting onto the property. A chicken-wire fence had been erected by defendants between the property and the golf course some years before plaintiff's injury but became delapidated and was removed. Trees had been planted to provide a screen.

The trial judge's perception of our negligence law prompted his action:

> "The law seems well settled that negligence must be proved. Cases cannot be submitted to a jury on speculation, guesses, or conjectures, and negligence is not to be presumed from mere fact of an accident, injury, or wishful thinking, or random judgment. There can be no inference on inference, presumption on presumption."

Also, he seemed to believe he should have held that Mrs. Burgess assumed the risk of her injury, or negligently contributed to it.

Negligence, including contributory negligence, is a jury question when the evidence is conflicting or the facts are such that reasonable men may draw different conclusions from them. *Cook v. Harris*, ___ W. Va. ___, 225 S.E.2d 676 (1976); *Wager v. Sine*, W. Va., 201 S.E.2d 260 (1973); *Kidd v. Norfolk & Western Railway Co.*, 156 W. Va. 296, 192 S.E.2d 890 (1972). However, defendants argue that it would have been proper for the trial judge to dismiss the action after plaintiff's opening statement because the only possible inference was that plaintiff was contributorily negligent. We find no basis in the record for this conclusion. Plaintiff certainly took all the precautions that a reasonable person, in her posi-

tion, would have taken. She picked up pieces of broken glass with her hands and vacuumed the carpet to clean up any remaining slivers. We can think of nothing else she could do. The question was properly submitted to the jury.

The crux of this entire matter was the court's opinion that plaintiff failed to sustain her burden of proof.

The court was correct in saying that an inference must be founded on facts and not upon pure conjecture in order for plaintiff to recover. *See, Virginia Stage Lines, Inc. v. Brockman Chev., Inc.*, 209 Va. 188, 163 S.E.2d 148 (1968). However, what it failed to recognize is the principle, well established in this jurisdiction, that although the "plaintiff must establish a prima facie case of negligence against the defendant in order to warrant jury consideration, it is equally well settled that the necessary showing of negligence may be made by circumstantial as well as direct evidence." *Smith v. Edward M. Rude Carrier Corp.*, 151 W. Va. 322, 151 S.E.2d 738 (1966), and cases cited therein. *See also, Smith v. Lockheed Propulsion Co.*, 247 Cal. App. 2d 774, 56 Cal. Rptr. 128 (1967); *Oliveri v. Massachusetts Bay Transp. Authority*, 363 Mass. 165, 292 N.E.2d 863 (1973); *Pohlod v. General Motors Corporation*, 40 Mich. App. 583, 199 N.W.2d 277 (1972); *Butler v. Smith's Transfer Corp.*, 147 W. Va. 402, 128 S.E.2d 32 (1962).

There were an abundance of circumstantial facts proved from which the jury could—and did—find defendants responsible for the injuries Mrs. Burgess received.

When a trial court improperly sets aside a jury verdict, this Court will reinstate it. *W.Va. Code*, 58-5-25; *Browder, Inc. v. County Court of Webster County*, 145 W. Va. 696, 116 S.E.2d 867 (1960). Accordingly, the verdict in favor of plaintiff is reinstated.

> *Judgment reversed;*
> *verdict for plaintiff*
> *reinstated; judgment*
> *entered by this court.*