ELMER BRADLEY

*v.*

SUGARWOOD, INC.

(No. 14183)

Decided December 8, 1979.

*Robert E. Vital* for appellant.

*Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charles F. Bagley, III* for appellee.

Per Curiam:

The appellant, Elmer Bradley, contends that the Circuit Court of Wayne County erred in setting aside a jury verdict and in awarding the defendant, Sugarwood, Inc., a new trial in this personal injury action. We agree.

On April 25, 1975, the appellant, a business invitee of Sugarwood Golf and Country Club, went to Sugarwood's clubhouse. After completing his business, the appellant proceeded down a well-worn, heavily-travelled dirt path which led from the clubhouse to the parking lot where his wife was waiting in a car. When he was halfway down the path, he slipped, fell to the bottom of the hill, and broke his leg. On the morning of the accident it had been raining.

After sustaining the broken leg the appellant filed the complaint instituting this action. He alleged that Sugarwood had negligently and carelessly failed to maintain the path in such a condition as to prevent the existence of a hazard. He further alleged that Sugarwood knew, or should have known, that the path became slick when it was wet and that it was used by people. He prayed for $150,000 damages.

During trial, when questioned concerning the appearance of the path, the appellant described it in some detail, indicating that he had looked before proceeding down it. However, he also indicated that immediately before falling he turned to tell his son that there was a slick spot in the path.

The case was tried before a jury, and at the conclusion of the trial the jury was given Defendant's Instruction No. 2, a contributory negligence instruction. That instruction said:

> "The Court instructs the jury that if you find from the evidence of this case that the plaintiff, Elmer Bradley, was guilty of any negligence, no matter how slight, which contributed proximately to the accident which resulted in the injuries and damages about which the plaintiff com-

plains, then the plaintiff is not entitled to recover and it is your duty to return a verdict for the defendant, Sugarwood, Inc."

The court also gave Defendant's Instruction No. 7, which said:

"The Court instructs the jury that the law imposes upon the plaintiff the duty of exercising reasonable and ordinary care for his own safety, to look and to look effectively to see what is obviously there. Therefore, if you find from the evidence in this case that the plaintiff was not exercising reasonable and ordinary care for his own safety, then he was guilty of negligence and if you find that such negligence caused or contributed proximately to the accident in question, then the plaintiff is not entitled to recover and you should return a verdict for Sugarwood, Inc."

After deliberating, the jury returned a verdict of $15,000 for the appellant.

Sugarwood, Inc. moved to set aside the jury verdict on the ground that "The evidence in this case establishes that the plaintiff was guilty of contributory negligence as a matter of law and, therefore, the trial court should have directed a verdict for the defendant." The trial court, after reviewing the evidence and after focusing on the testimony that the appellant had looked back at his son just before he fell, noted that the law in West Virginia imposes a duty on a person to look, and look effectively, and to exercise ordinary care with regard to all normal and obvious risks attendant on the user of premises. The court found that the appellant had failed to look, and that he was, thus, contributorily negligent as a matter of law. The court, therefore set aside the jury verdict and awarded a new trial.

Although the law of this State does impose a duty upon a person to look, and to look effectively, and to exercise ordinary care to avoid a hazard, we have held that a person is not bound to be continuously looking under penalty that if he fails to do so and is injured his

own negligence will defeat recovery of damages sustained. Cf. *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905 (1966). In giving Defendant's Instruction No. 7, the trial court correctly informed the jury of the nature of the appellant's duty to look.

Regarding contributory negligence, as well as primary negligence, we have repeatedly held that the questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them.[1] *Burgess v. Jefferson*, ____ W.Va. ____, 245 S.E.2d 626 (1978); *Utter v. United Hospital Center, Inc.*, ____ W.Va. ____, 236 S.E.2d 213 (1977); *Wager v. Sine*, ____ W.Va. ____, 201 S.E.2d 260 (1973); *Davis v. Sargent*, 138 W.Va. 861, 78 S.E.2d 217 (1953).

The totality of the evidence presented in this case is susceptible to varying interpretations. From the appellant's testimony regarding the appearance of the path the jury could have concluded the appellant looked effectively to avoid the hazard. Likewise, the jury could have concluded that he failed to maintain a proper lookout. We conclude that in this case, where the jury was properly instructed regarding the appellant's duty to look, and where the evidence was susceptible to varying interpretations, the trial court erred in setting aside the jury verdict.

We, therefore, reverse the order setting aside the appellant's jury verdict, and we reinstate that verdict.

> *Judgment reversed;*
> *verdict reinstated;*
> *judgment entered.*

---

[1] In view of the fact that the jury awarded him a verdict, the appellant asserts no claim for the application of the comparative negligence doctrine. *Bradley v. Appalachian Power Co.*, ____ W.Va. ____, 256 S.E.2d 879 (1979). For this reason and in light of our decision herein this doctrine is not discussed.