HELEN Y. WISE *and* MAX WISE

*v.*

CROWN CONSTRUCTION COMPANY, INC., *et al.*

(No. 13894)

Decided April 1, 1980.

Dissenting Opinion April 3, 1980.

*James O. Watkins, Jr.,* for appellants.

*McNeer, Highland & McMunn and James E. McNeer,* for Crown Const.

*Steptoe & Johnson and James M. Wilson,* for Thorofare Mkts.

PER CURIAM:

The appellant in this personal injury proceeding, Helen Wise, contends that the Circuit Court of Marion County erred in setting aside a jury verdict in her favor. We agree.

On December 11, 1973, the appellant, while walking from her car to a Thorofare Market, slipped and fell on ice located on the parking lot of Middletown Mall in Fairmont. As a result of the fall, she suffered serious injuries to her wrist.

This action, for the injuries resulting from the fall, was instituted in the Circuit Court of Marion County against Crown Construction Co., Inc. and First Union Real Estate Equity and Mortgage Investments, a business trust, the owners of the Middletown Mall, and against Thorofare Markets, Inc., the lessee of one of the stores in the Mall. The case was tried before a jury on April 6, 1976.

Evidence adduced during the trial of the case showed that prior to December 11, 1973, there had been a heavy snowfall in the Fairmont area. The snow had been scraped from the parking lot of the Middletown Mall and had been left in large piles adjacent to the parking area. During the day, a part of the snow had melted, and the meltwater had flowed across the parking lot in long streams approximately one foot wide. When the weather had turned colder, these streams had frozen into sheets of ice. It was on one of the sheets of ice that the appellant slipped and fell. Regarding what happened, the appellant testified that she did not look at the ground as she opened the door and got out of the car. She stated that she had taken only a couple of steps when she fell. At the time of the fall, she was looking at the front of the store.

After the presentation of evidence, the trial court gave a number of instructions, including Defendants' Instruction No. 5, which told the jury that if they believed that the accident had occurred by reason of the contributory negligence of the appellant, then they must find for the defendants. The court also gave Defendants' Instruction No. 8, which informed the jury that the appellant had the duty to look effectively and to see what she should see in the area.

After deliberating, the jury returned a verdict in favor of the appellant and awarded her $15,000 damages.

The defendants moved to set aside the verdict on a number of grounds including the ground that the appellant had been guilty of contributory negligence as a matter of law. By his order entered May 21, 1976, the Judge of the Circuit Court of Marion County granted the defendants' motion to set aside the appellants' verdict.

We have repeatedly held that the questions of negligence and contributory negligence are for the jury when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Bradley v. Sugarwood, Inc.*, ____ W.Va. ____, 260 S.E.2d 839 (1979); *Burgess v. Jefferson*, ____ W.Va. ____, 245 S.E.2d 626 (1978); *Utter v. United Hospital Center, Inc.*, ____ W.Va. ____, 236 S.E.2d 213 (1977); *Wager v. Sine*, ____ W.Va. ____, 201 S.E.2d 260 (1973); *Davis v. Sargent*, 138 W.Va. 861, 78 S.E.2d 217 (1953).

While the law of this State does impose a duty upon a person to look, and to look effectively, and to exercise ordinary care to avoid a hazard, we have held that a person is not bound to be continuously looking under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages sustained. Cf. *Bradley v. Sugarwood, Inc.*, ____ W.Va. ____, 260 S.E.2d 839 (1979); *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905 (1966). Negligence has been defined as conduct unaccompanied by that degree of consideration attributable to the man of ordinary prudence under like circumstances. *Patton v. City of Grafton*, 116 W.Va. 311, 180 S.E. 267 (1935).

In the case before us the appellant fell shortly after exiting from her car. Her exiting the car necessarily involved some maneuvering out of the car, closing of the car door, and generally orienting herself to start toward her intended destination. In such circumstances it would not be unreasonable for a jury to conclude that the

process may have distracted her from making any detailed observations of the ground adjacent to the car.

Because reasonable men might have drawn different conclusions from the evidence presented, we conclude that the question of whether or not the appellant was guilty of contributory negligence was one properly for the jury in this case. The jury was instructed on the appellant's duty to look as well as the general law on contributory negligence and by its verdict resolved the issue in favor of the plaintiff. We, therefore, conclude that the trial court erred in setting aside the jury verdict.

By way of cross-assignment of error in this case, the appellee, Thorofare Markets, Inc., contends that the trial court erred in failing to hold as a matter of law that Thorofare was not liable to the appellant. Thorofare argues that under its lease it had no duty to maintain the parking lot on which the appellant slipped and fell. Thorofare's position was asserted in a cross-claim filed by Thorofare against Crown Construction, Inc. The trial court did not decide the question, apparently postponing this issue along with the third party complaint question pending a determination of the plaintiff's claim. In Syllabus Point 1, of *Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) we said:

> "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."

See *Adams v. Bowens*, ___ W.Va. ___, 230 S.E.2d 481 (1976); *Tomkies v. Tomkies*, ___ W.Va. ___, 215 S.E.2d 652 (1975); *Parker v. Knowlton Construction Co.*, ___ W.Va. ___, 210 S.E.2d 918 (1975); *Boury v. Hamm*, 156 W.Va. 44, 190 S.E.2d 13 (1972); and *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971). In line with our holding in Syllabus Point 1 of *Mowery, supra*, we decline to consider Thorofare's cross-assignment of error.

For the reason stated above, the order of the Circuit Court of Marion County setting aside the jury verdict is set aside; the jury verdict as to the appellant Helen Wise is reinstated; and the case is remanded for further development on the cross-claim and third party pleadings in the case.

*Reversed and remanded*
*with directions.*

NEELY, CHIEF JUSTICE, *dissenting*:

I dissent because I find contributory negligence as a matter of law. The effect of this case is to make the mall operator an insurer against all accidents which occur on his premises. The plaintiff was guilty of contributory negligence as a matter of law because she was aware of the snow and should have known that during the winter it is impossible to remove all icy conditions. Had she slipped on ice in the middle of July she would not have been guilty of contributory negligence. In July the plaintiff would not have been "bound to be continuously looking under penalty that if [she] fails to do so and is injured [her] own negligence will defeat recovery of damages sustained."