382 S.E.2d 60

**John H. BIRDSELL**

v.

**MONONGAHELA POWER COMPANY, INC.**

**No. 18707.**

Supreme Court of Appeals of West Virginia.

June 12, 1989.

Robert M. Amos, Fairmont, for John H. Birdsell.

Jeffrey Harris, Morgantown, for Birdsell.

Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, for Monongahela Power Co.

**PER CURIAM:**

John H. Birdsell appeals from a jury verdict that determined he and the Monongahela Power Company, Inc. were equally responsible for the fire that destroyed Mr. Birdsell's house on May 29, 1987. On appeal Mr. Birdsell contends that the jury verdict should be reversed because of several errors made by the circuit court. After carefully reviewing the record, we find that these assignments of error are without merit and, therefore, affirm the jury verdict.

On May 29, 1987, Mr. Birdsell's house in Rivesville, Marion County was destroyed by fire. Mr. Birdsell, awakened by his smoke alarm, escaped with minor injuries and watched the fire from his neighbor's house. Despite the efforts of several volunteer fire departments, Mr. Birdsell's house and most of his personal belongings were destroyed.

Although the house was originally built in the 1940s, Mr. Birdsell had resided in the house only since February 1985. Mr. Birdsell substantially remodeled his house, but other than personally installing a new electric hot water tank and adding several new electrical appliances, he performed no electrical work. Mr. Birdsell testified that he had no problems with his electricity.

Approximately ten months before the fire, Mr. Birdsell noticed that the guy wire for the electric pole providing power to his house was broken. Mr. Birdsell testified that he telephoned the Monongahela Power Company, Inc. (hereinafter the "power company") and informed them that their electric pole was leaning, their guy wire was broken and their service drop from the pole to his house was "tight" or lacked an ability to fluctuate.

Mr. Birdsell testified that as he was escaping, he encountered flames in the kitchen and his hair was singed. Watching the fire from his neighbor's yard, Mr. Birdsell observed "sparks coming from the [electrical service] wire" and afterward the wire dropped to the ground where it continued to spark. Eventually the fire spread to the electrical mast, a pole which extends above the house roof to receive the electri-

cal service, but the electrical mast area became engulfed in flames after the power lines had fallen. Mr. Birdsell presented no expert or other witness who gave an opinion on the cause of the fire and Mr. Birdsell testified he did not know the cause of the fire but believed the power company's equipment was responsible.

The power company had its equipment inspected and tested by their own electrical engineer and R. Rex Haines, Ph.D., an engineer and an expert in fire causation. Both engineers testified that except for the broken guy wire, the electrical equipment of the power company was not in a state of disrepair and none of the power company's equipment caused or contributed to the fire.

Dr. Haines also inspected the internal wiring of the house and discovered numerous National Electric Safety Code violations including incorrect wire splicing, incorrect use of non-coded wires, improper grounding and missing junction boxes. Two of the circuit breakers in the power distribution panel for the house were in the "tripped" position, which, according to Dr. Haines, indicated an interior electrical problem. Dr. Haines's inspection also found a piece of unburned cardboard near the electrical mast indicating the fire did not start near the mast. Dr. Haines thought the fire started somewhere in the ceiling between the kitchen and the bedroom because of Mr. Birdsell's singed hair and the amount of fire damage in the kitchen. Dr. Haines could not pinpoint an exact cause for the fire.

Dr. Haines rejected the plaintiff's theory that the connection from the pole to the electrical mast pulled loose and caused the fire, because: (1) the wire connecting the mast to the pole showed evidence of external heating and none of internal heating; (2) the distance the wires fell from the house indicated no excess wire tension; and (3) the relative tensile strength of the wires would have caused a break in the midsection of the wire rather than at the electrical mast.

The case was tried before a jury and at the conclusion of the trial the jury were given, among other instructions, an instruction on comparative negligence which said in part:

[W]here the plaintiff's negligence proximately caused the damages alleged or was equal to or was more than fifty percent (50%) of the combined negligence of the parties contributing to the alleged damages, then the plaintiff is barred from recovery.

After deliberating, the jury returned a verdict apportioning the negligence at 50% for Mr. Birdsell and 50% for the power company. In a separate section of the verdict, the jury determined Mr. Birdsell sustained $30,000 in damage.

I.

We have repeatedly held that questions of negligence, due care, proximate cause and concurrent negligence are for jury determination when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. Syllabus Point 3, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988); Syllabus Point 5, *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964). *See also* Syllabus Point 5, *Robertson v. LeMaster*, 171 W.Va. 607, 301 S.E.2d 563 (1983); Syllabus Point 1, *Wise v. Crown Const. Co., Inc.*, 164 W.Va. 393, 264 S.E.2d 463 (1980); Syllabus, *Bradley v. Sugarwood, Inc.*, 164 W.Va. 151, 260 S.E.2d 839 (1979); Syllabus Point 3, *Davis v. Sargent*, 138 W.Va. 861, 78 S.E.2d 217 (1953).

Each person has a duty "to look, and to look effectively, and to exercise ordinary care to avoid a hazard" because if he fails to do so and is injured, his own negligence will defeat recovery of damages sustained. *Wise, supra,* 164 W.Va. at 395, 264 S.E.2d at 465; *Bradley, supra,* 164 W.Va. at 153, 260 S.E.2d at 841; *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905 (1966). Customarily negligence has been defined as "conduct unaccompanied by that degree of consideration attributable to the man of ordinary prudence under like circumstances." *Pack v. Van Meter*, 177 W.Va. 485, 494, 354 S.E.2d 581,

590 (1986); Syllabus Point 4, *Patton v. City of Grafton*, 116 W.Va. 311, 180 S.E. 267 (1935).

On appeal Mr. Birdsell presents three errors that are based on his major objection, namely, the jury's consideration of his own negligence. Mr. Birdsell first argues that any faulty interior wiring was done by his predecessor(s) in interest and he should not be held accountable. This argument fails to consider that Mr. Birdsell had a duty to exercise ordinary care in maintaining his house. Whether he should have corrected any interior electrical problems that caused or contributed to the fire is a proper question for jury determination.

Mr. Birdsell objects to the verdict form which allowed the jury to apportion the negligence of the parties.[1] Clearly the evidence presented concerning the interior electrical wiring was sufficient for the jury to consider the question of Mr. Birdsell's negligence.

Finally Mr. Birdsell objects to the comparative negligence instruction because of the doctrine of *res ipsa loquitur.* However, this doctrine applies only in cases where the defendant's negligence is the *only* inference that can reasonably be drawn from the circumstances. In Syllabus Point 4, *Davidson's, Inc. v. Scott*, 149 W.Va. 470, 140 S.E.2d 807 (1965), we stated:

> When a defendant does not have exclusive control of the premise where the fire occurs and it may have occurred from causes over which the defendant had no control, the doctrine of *res ipsa loquitur* is not applicable.

The evidence presented in this case is susceptible to various interpretations. Mr.

Birdsell testified to the lack of care by the power company in maintaining their pole and guy wire and to the course of the fire. Both facts are consistent with his theory of the cause of the fire.[2] The witnesses for the power company gave their opinion that the fire did not originate with the company's equipment and pointed out evidence that the fire might have started with the interior electrical system. However, no witness was able clearly to identify the exact cause of the fire. We hold that because evidence of the cause of the fire was conflicting, the questions of negligence, due care, proximate cause and concurrent negligence were proper questions for jury determination. The jury returned a verdict equally apportioning the negligence of the parties and we cannot say the jury was clearly wrong.

## II.

When the evidence is conflicting and the case is fairly tried under proper instructions the jury verdict will not be set aside unless it is plainly contrary to the weight of the evidence or without evidence to support it. Syllabus Point 3, *Bourne v. Mooney*, 163 W.Va. 144, 254 S.E.2d 819 (1979); *Middle–West Concrete Forming and Equipment Co. v. General Ins. Co. of America*, 165 W.Va. 280, 267 S.E.2d 742, 747 (1980); Syllabus Point 2, *Hopkins v. Grubb*, 160 W.Va. 71, 230 S.E.2d 470 (1977); Syllabus Point 2, *Sydenstricker v. Vannoy*, 151 W.Va. 177, 150 S.E.2d 905 (1966).

We hold that the finding of the jury that apportioned the negligence at 50% for the plaintiff and 50% for the defendant is

---

1. The verdict form contained separate sections for apportionment of negligence and assessment of damages. The assessment of damages section did not refer to the negligence of the parties. However, because the jury apportioned the negligence at 50% for each party, the assessment of damages was unnecessary. In Syllabus Point 2 of *Bell v. Huntington Development and Gas Co.,* 106 W.Va. 155, 145 S.E. 165 (1928), we stated, "Unnecessary matter appearing in a verdict may be treated as surplusage." *See Carter v. Jones*, 145 W.Va. 98, 102, 112 S.E.2d 705, 707 (1960).

2. The power company in cross assignment of error argues that the circuit court erred in failing to direct a verdict in favor of the defendant because the plaintiff failed to show by act of omission or commission the power company's negligence. However, the plaintiff's testimony on the power company's faulty equipment and the course of the fire as he witnessed it, were sufficient to have the jury consider the evidence of the power company's negligence.

based on sufficient evidence and is a resolution of a question of fact.

The judgment of the Circuit Court of Marion County is affirmed.

Affirmed.