# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia
Plaintiff Below, Respondent**

**vs.) No. 19-0359** (Randolph County 10-F-49)

**Brian Joseph Ward
Defendant Below, Petitioner**

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Joseph Ward, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's March 15, 2019, denial of his Motion for a New Trial based on newly discovered evidence. Respondent, by counsel Patrick Morrissey and Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court abused its discretion by denying the petitioner's motion without an evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of first-degree sexual assault, and one count of sexual abuse by a parent, guardian or custodian, by the Randolph County Grand Jury on October 25, 2010. The indictment alleged that between 2007 and June 2009, the petitioner sexually assaulted his then-girlfriend's daughter, S.B.,[1] who was between six and eight years old at the time.

On May 5, 2011, the case was tried. The State's first witness was Trooper K.A. Corley, who testified about the overall investigation. The State's second witness was K.C., the mother of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the alleged victim, who testified about hearing allegations by one of her daughters about the petitioner that led her to take her daughter to Child Protective Services ("CPS"). The third witness was S.B., the victim, who testified about alleged sexual contact between her and the petitioner. S.B. testified that petitioner touched her "private parts" more than once and forced her to touch his as well. She further testified that petitioner forced her to shower with him and used his "private parts" to touch hers. S.B. used dolls to demonstrate what petitioner had done to her, which included both penetration and touching. In addition to her testimony, the State played for the jury a video of the forensic interview of S.B. by CPS. The State's final witness was Allyson Scott, a CPS worker who laid the foundation for the admission of the forensic interview of S.B. Petitioner called Thelma Caplinger, a CPS supervisor, who testified as to the contents of various CPS records pertaining to K.C.'s household, including an instance in which K.C. was accused of coaching her child to lie.

After jury deliberations, petitioner was found guilty of the offense of sexual abuse by a parent, guardian, or custodian, a felony, in violation of West Virginia Code § 61-8D-5(a) and first-degree sexual assault, a felony, in violation of West Virginia Code § 61-8B-3(a)(2). The circuit court sentenced petitioner to ten-to-twenty years for the conviction of sexual abuse by a parent, guardian, or custodian, and fifteen-to-thirty-five years for the conviction of first-degree sexual assault. Petitioner appealed. This Court affirmed the conviction, rejecting petitioner's challenges to the sufficiency of the evidence, the sufficiency of the indictment, the denial of due process, and the effect of cumulative error, in a memorandum decision dated June 24, 2013. *See State v. Ward*, No. 12-0300, 2013 WL 3185079 (W. Va. June 24, 2013) (memorandum decision).

Petitioner subsequently filed a petition for writ of habeas corpus, wherein he alleged ineffective assistance of trial counsel, prosecutorial misconduct, insufficiency of the evidence, conflict of interest of the trial judge, and newly discovered evidence. He was appointed counsel and received an omnibus evidentiary hearing on his claims. During the second omnibus hearing on July 29, 2016, trial counsel testified that the trial record showed "that the mother of the victim child had before coached the children to lie about things in general," and that the DHHR substantiated the mother lying herself. The trial record reflects counsel's attack on K.C.'s credibility during which he pursued the inconsistencies in K.C.'s testimony with such tenacity it drew an objection for "badgering" the witness and an admonishment by the trial court to "dial it down just a little bit."

During the omnibus hearing, petitioner asked for a continuance in regard to his claim of newly discovered evidence because he was unable to serve subpoenas on Jeremy Harris and K.C., the two witnesses relating to that claim. Petitioner sought testimony from Mr. Harris because he purportedly would testify that K.C. made a comment to him after the trial, from which he inferred that K.C. "made up this story on Mr. Ward, because she was mad at him for leaving her." Habeas counsel expressed that he was raising the claim of new evidence as part of the habeas proceeding to ensure the ground was not waived. The State objected to the continuance, arguing that the habeas matter had been pending for two years and a new evidence claim should be raised as a motion for new trial in the underlying criminal matter since the claim is not a ground listed under *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). After a lengthy discussion, the circuit court denied the continuance. In so doing, the court noted that counsel did everything he could to subpoena Mr. Harris and K.C. to the omnibus hearing, that the other habeas grounds stood

independent from petitioner's claim of newly discovered evidence, and the claim of newly discovered evidence could be properly pursued in the underlying criminal matter as a motion for new trial based on newly discovered evidence.  The circuit court further expressed habeas counsel should continue to try to subpoena Mr. Harris, for whom the State had a capias to testify, and to try to subpoena K.C and request a hearing for petitioner's anticipated motion for a new trial. The court stated, "if you're able to locate her, get her testimony put together and presented in that form, we'll do it that way." At habeas counsel's request, the circuit court appointed him to represent the petitioner in the underlying criminal matter for the purpose of filing the motion for new trial based on newly discovered evidence. In regard to the other claims raised in the habeas petition, the circuit court ultimately denied relief, and this Court affirmed the decision in *Brian W. v. Michael Martin*, 17-0185, 2018 WL 317374 (W. Va. Jan. 8, 2018) (memorandum decision).

The current matter arises from the circuit court's denial of petitioner's February 8, 2019, Motion for a New Trial Based on Newly-Discovered Evidence. In support of the motion, petitioner included an Affidavit of Jeremy Harris, in which Mr. Harris stated that he interpreted K.C.'s comment that "Mr. Ward should have came [sic] back home to her instead of going and living with his new girlfriend" to mean that K.C. "made up this story on petitioner, because she was mad at him for leaving her." The circuit court reviewed the motion and applied *State ex. rel. Smith v. McBride*, 224 W. Va. 196, 681 S.E.2d 81 (2009), which reiterated the factors for granting a new trial based on newly-discovered evidence as originally stated in Syllabus Point 1 of *Halstead v. Horton*, 38 W. Va. 727, 18 S.E. 953 (1894).Without conducting a hearing, the trial court entered an order dated March 15, 2019, denying petitioner's request for a new trial based upon newly-discovered evidence. The court referenced *McBride*, *i.e.* the *Halstead factors*, and stated that "a new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." It is from the circuit court's order that petitioner appeals and asserts that he should have been afforded an evidentiary hearing in consideration of his motion.

We review the circuit court's disposition of petitioner's motion for new trial based upon newly discovered evidence under an abuse of discretion standard. *See State v. Woodrum*, 243 W. Va. 503, ___, 845 S.E.2d 278, 282 (2020) ("We review a circuit court's order denying a motion for a new trial for abuse of discretion."). This Court affords trial judges a wide range of discretion in determining whether newly-discovered evidence warrants a new trial.

> "'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side Syllabus Point 1, *Halstead v. Horton*, 38 W. Va. 727, 18 S.E. 953 (1894).' Syllabus, *State v. Frazier*, 162 W. Va.

3

935, 253 S.E.2d 534 (1979)." Syllabus point 3, *In re Renewed Investigation of State Police Crime Laboratory, Serology Division*, 219 W. Va. 408, 633 S.E.2d 762 (2006).

Syl. Pt. 4, *State ex rel. Smith v. McBride*, 224 W. Va. 196, 681 S.E.2d 81, 82–83 (2009).

In support of his argument that the circuit court erred in failing to conduct an evidentiary hearing before ruling on his motion for a new trial, petitioner asserts that the circuit court's denial of relief was based solely upon the fifth *Halstead* factor: that the sole purpose of the new evidence is to discredit or impeach K.C. Petitioner argues that the circuit court's denial of his motion for new trial without hearing evidence is deficient. He further contends that the circuit court did not make the necessary findings that the affidavit discrediting the testimony of both K.C. and her daughter could not meet the *Halstead* factors, as the law requires. The State argues that the circuit court's denial of petitioner's claims was justified and contends that he cannot show that the new testimony would produce an opposite result at trial.

The circuit court denied the petitioner's motion because the sole object of the new evidence was to discredit or impeach a State's witness. Although this Court has expressed that the fifth "rule" under the *Halstead* factors does not mean a new trial will always be refused when the sole object of the newly discovered evidence is merely to impeach, it has explained that, as a general rule, the post-trial discovery of new impeachment evidence will not normally require a new trial, because "ordinarily it is not the kind of evidence that satisfied the fourth rule (i.e. it is not the kind of evidence that 'ought to produce an opposite result at a second trial on the merits.')." *State v. Stewart*, 161 W. Va. 127, 136, 239 S.E.2d 777, 783 (1977). Although petitioner contends that the affidavit testimony of Jeremy Harris provides a specific motive for the outright fabrication of evidence in this case, the testimony is merely evidence about a conversation in which K.C. purportedly told Harris that the petitioner "should have come back home." We conclude that the lower court properly denied the petitioner's motion for a new trial because the purported testimony of Mr. Harris amounts to nothing more than purported impeachment evidence to be used to undermine a witness's credibility. The circuit court did not abuse its discretion in denying petitioner's motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4